NORRIS MYERS v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 20 May, 1913.)

Railroads—Master and Servant—Trials—Negligence—Moving Train —Contributory Negligence—Questions for Jury.

An inexperienced employee of a railroad company acted under the peremptory order of the defendant's vice principal, whom he was required to obey, in attempting to board defendant's moving freight train, to go to another station to get the company's mail, and was thrown beneath the train to his injury. *Held,* the verdict of the jury awarding damages was rendered under competent evidence, and correct instructions of the court in relation to employee's acting within the scope of his duties and to the issue of defendant's negligence; and that the issue as to contributory negligence could not properly be answered in defendant's favor as a matter of law.

APPEAL by defendant from *Webb, J.,* at January Term, 1914, of WILKES.

This is a civil action for damages for personal injury received in the service of the defendant.

These issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his own injury? Answer: No.

3. Did the plaintiff sign the release and receipt offered in evidence? Answer: Yes.

4. Was the plaintiff induced to sign the release by the fraud and deceit of defendant's agent? Answer: Yes.

5. Was the plaintiff 21 years of age when he signed this release? Answer: No.

6. What damage is the plaintiff entitled to recover of the defendant? Answer: $1,800.

There was a judgment for the plaintiff, from which the defendant appealed.

*Charles B. Spicer for plaintiff.*

*Watson, Buxton & Watson, W. W. Barber, Winston & Biggs for defendant.*

PER CURIAM. This case was before the Court and is reported in 162 N. C., page 344, and in the opinion in that case the general facts are stated. The case was then tried under the Employer's Liability Act, and this Court held that the plaintiff was not engaged in interstate commerce. The cause was then tried under the law of this State, and from the verdict and judgment the defendant appeals, assigning numerous errors.

We have examined with care the exceptions set out in the record to the reception and rejection of evidence, and also to the charge of the court, and we think the case was substantially tried under the well-settled principles of law obtaining in this State. The motion to nonsuit was properly overruled.

There were three questions presented: (1) Was the plaintiff an employee, acting within the scope of his duty at the time of the injury? (2) Was he injured by the negligence of the defendant? (3) Did he so contribute to his injury that the court can say as a matter of law that he is not entitled to recover?

The plaintiff's evidence tends to prove that he was in the employ of the defendant to do whatever he was instructed to do—to work on the line of road, to run errands, go after the mail, tools, and other things; that he was under the control of Mr. Shaw, the foreman, and Mr. Lineberry, the assistant foreman; that on the particular Sunday when he was injured he

was instructed by Mr. Lineberry to go to Naugatuck and get the mail for the company; that he was instructed to jump on a passing freight train; that he allowed two trains to pass by without catching them, and after being upbraided by Mr. Lineberry for not catching them, he was directed by Lineberry to catch a particular train passing the camp, being assured by him that it was safe to catch.

In attempting to obey this command, he was thrown under the cars and his leg amputated. Upon these facts being in evidence, we think his Honor very properly overruled the motion to nonsuit.

We cannot say that the plaintiff, as a matter of law, so contributed to his injury as to bar a recovery, although the evidence shows that he sustained the injury by attempting to board a moving train. We do not intend in any way to impinge upon the well-established principle laid down in *Lambeth v. R. R.,* 66 N. C., 495; *Burgin v. R. R.,* 115 N. C., 673, and other cases, in reference to getting on and off moving trains. But in this case the evidence shows that plaintiff was a new hand, inexperienced in railroading, and especially in boarding running trains, and the foreman knew it, and nevertheless peremptorily ordered plaintiff to board the train, and reprimanded him for not boarding the preceding train. Thus it would appear that plaintiff acted under duress, fearing to disobey his superior's orders, who had the power to discharge him.

Under the circumstances we think his Honor properly left the question of contributory negligence to the jury, applying the rule of the prudent man.

Upon a review of the whole record we are unable to see that any substantial error has been committed which warrants us in ordering another trial.

No error.