MOSES L. HILL, by His Next Friend, v. NORTH CAROLINA RAILROAD
COMPANY and DIRECTOR GENERAL OF RAILROADS.

(Filed 1 December, 1920.)

1. **Railroads—Evidence—Negligence—Contributory Negligence—Trials—
Questions for Jury—Master and Servant—Employer and Employee.**

Evidence that an employee of a railroad company, in the performance
of his duties, and obeying the order of its foreman, left a place of safety
on its train, provided for his return from work, boarded the train as it
was leaving, and was prevented from entering a car on the train because
of its narrow door and crowded condition; and while thus being compelled
to ride on its running board was struck and injured after going about
three hundred yards, by a switch post placed about eighteen inches there-
from, and when the speed of the train had reached twenty miles an hour,
and that in starting no whistle was blown or bell rung, is sufficient evi-
dence of the defendant's actionable negligence, and also of the plaintiff's
contributory negligence in not doing what was required of him to reach
a place of safety or avoid striking the switch post, within the stated space,
to take the case to the jury on both of these issues.

2. **Employer and Employee—Master and Servant—Negligence—Safe Place
to Work—Duty of Employer.**

Where an employee is injured under dangerous conditions of which the
employer has better opportunity to be aware of, the obligation to exercise
care rests to a greater degree upon the employer, upon the principle which
requires him to provide the employee a safe place to work in the perform-
ance of his duties.

3. **Damages—Negligence—Personal Injury.**

The measure of damages to be awarded for a negligent personal injury,
resulting in a diminution of earning power, is a sum equal to the present
worth of such diminution, for the plaintiff's expectancy of life.

4. **Appeal and Error—Negligence—Objections and Exceptions—Instruc-
tions—Requests.**

Where an instruction to the jury upon the measure of damages recover-
able for a negligent personal injury, resulting in a diminution of earning
power, is not inherently erroneous, it will not be held as such on appeal
for not being sufficiently explicit, in the absence of a correct request for
special instruction stating the appellant's view.

Appeal from *Lane, J.,* at September Term, 1920, of Rowan.

The facts deducible from the plaintiff's testimony and the testimony
of the plaintiff's witnesses are as follows: Plaintiff, fifteen years of
age, was employed by the defendant to work at the defendant's railroad
shops at Spencer, N. C. Plaintiff lived in Salisbury, N. C., and was
carried to and from his place of employment by the defendant on an
employee's train, known as the "shop train," consisting of cattle cars,
converted into cars for employees to ride in, which were without plat-
forms, steps, and doors, and were not equipped with bell ropes or signal

cords, though there was a narrow entrance on the side of the car near its end. On the afternoon of 30 May, 1918, plaintiff boarded the rear car, or supply car, of the shop train to return home. The shop train proceeded toward Salisbury, stopped at the defendant's transfer shed, and plaintiff was requested by a Mr. Litton, who had charge of the supply car, and who had been the plaintiff's foreman that day, to carry a rag wringer to the transfer shed office. Plaintiff immediately alighted from the supply car, ran to the transfer shed office, delivered the rag wringer, and ran back to the train, which was then slowly moving off. No bell was run and no signal of any kind given for the starting of the train. Plaintiff boarded the running board of the nearest car, the fourth car from the rear car of the train, and endeavored to get in it, but was unable to do so on account of the narrow passageway being crowded and blocked by employees. The speed of the train rapidly increased to a rate of twenty miles an hour, and after riding a distance of approximately three hundred yards, plaintiff was struck by a switch post four and a half feet high, standing eighteen inches from the running board, and knocked beneath the wheels of the train. Plaintiff's left foot was crushed six inches above the ankle, and his right foot severely injured. The shop train ran by the plaintiff. The rear car stopped sixty feet from where plaintiff lay beside the track.

The jury returned a verdict finding negligence of defendant, contributory negligence of plaintiff, and assessed damages at $4,000. Judgment thereon, and defendant appealed.

*John C. Busby and A. H. Price for plaintiff.*
*Linn & Linn for defendant.*

WALKER, J., after stating the case: There was evidence tending to show negligence on the part of the defendant which was, and should have been, submitted to the jury. The plaintiff was ordered by one having authority to give the order to leave the train, on which he was at the time, and deliver a rag wringer at the transfer shed office, which order he obeyed, and before he could return to the train and to the position which he had previously occupied thereon, the train started off. Plaintiff got upon the running board of the car safely, although the train was in motion and increasing its speed all the time until it was running at the rate of twenty miles an hour, when he was struck by a switch post and knocked under the wheels of the train. There also was testimony that he could not get inside of the car, because it was so crowded with the hands as to prevent his doing so. It was the duty of the defendant, through its servants in charge of the train, to allow plaintiff sufficient time to do what he was ordered to do, and to return to the car he

had left, or, at least, to some safe place on the train. Instead, because of the crowded condition of the supply car, he was compelled to occupy a place of danger, where he was liable to be struck, and was struck by the switch post, and injured as he described. At the time he was an employee of the defendant, and as such he was entitled to be furnished by him, in the exercise of due care, a reasonably safe place to perform his work while in his service. *Atkins v. Madry,* 174 N. C., 187; *Taylor v. Power Co., ibid.,* 583. If a master has a better opportunity to know of defects and dangers than his servant, to whom they are unknown, the obligation to exercise care is not exactly the same. *Atkins v. Madry, supra.* This duty which the defendant owed to him was not fulfilled, and because of this failure of duty, he was severely hurt. It cannot be successfully asserted that it was not the proximate cause of the injury. He was standing on the running board, the only place he could stand, and was struck by the switch post, which was placed near the side of the railroad track. The defendant knew of the danger, or should have known of it, and he should not have so acted as to expose the plaintiff to it. It was the combination of running board and switch post, placed so near to each other as to strike one standing on the former that caused injury to plaintiff, who was unaware of the dangerous situation. Defendant should have placed them wider apart, or he should have warned the plaintiff of the danger. Whether plaintiff exercised due care while holding on to the grab-iron in order to secure and steady himself, or carelessly bowed his back too much, or whether he could have entered the car by reasonable effort and prevented the injury, or whether he could have otherwise avoided it, raised questions for the jury. We do not see how it could be a question of law under the circumstances, as contended that it was. Under the instructions of the judge, the jury found that the plaintiff was guilty of contributory negligence, which affected the question of damages only, and was not a bar to plaintiff's recovery. The charge of the judge was correct in respect to the negligence, and very fair.

*Myers v. R. R.,* 166 N. C., 233, in its essential facts, resembles this case, and there it was held, where the plaintiff acted under a similar order of his superior, that his conduct in getting on the train made contributory negligence a question for the jury.

As to the damages, it is objected that the true rule was not given to the jury, which is, that the damages to be awarded for a negligent personal injury, resulting in a diminution of earning power, is a sum equal to the present worth of such diminution, and not its aggregate for plaintiff's expectancy of life. This rule is the correct one. Otherwise, a plaintiff would recover now for losses, by reason of diminished earning capacity, though they are sustained in ten, twenty, or even thirty

---

---

years hence, without any consideration of the fact that he is not entitled to the whole of them presently, as these losses could only be incurred at different periods in the future.  Something, therefore, must be allowed, because he is compensated for them before the time when they would be actually suffered.  Many cases, in different jurisdictions, sustain the rule.  *Fry v. R. R.,* 159 N. C., 362; *Johnson v. R. R.,* 163 N. C., 431; *Pickett v. R. R.,* 117 N. C., 616; *Wilkinson v. Dunbar,* 149 N. C., 20; *Benton v. R. R.,* 122 N. C., 1007; *Watson v. R. R.,* 133 N. C., 188; *O'Brien v. White,* 105 Me., 308; *R. R. v. Carroll,* 184 Fed. Rep., 772; *Fulsome v. Concord,* 46 Vt., 135; *Kenny v. Folkerts,* 84 Mich., 616.  But the charge did not altogether ignore this rule, though it was not as fully stated as it might have been.  If the defendant desired it to be stated more fully, or in any special way, he should himself have asked for an instruction sufficient to present his view, or so as to direct the attention and consideration of the jury more pointedly to the rule of damages.  *Simmons v. Davenport,* 140 N. C., 407; *Beck v. Tanning Co.,* 179 N. C., 123, 127.  We have recently said upon this question, in the case of *Harris v. Turner,* 179 N. C., 322, at p. 325: "The judge left the question of damages entirely to the jury, for he could not decide it as a matter of law.  . . .  When the judge left the amount paid by the defendants for the jury to find, defendants were silent, and, therefore, assented to this treatment of the question.  If the defendants desired a special instruction, to guide the jury, they should have asked for it.  *Simmons v. Davenport,* 140 N. C., 407.  We there held that if a party desires fuller or more specific instructions than those given by the court in the general charge, he must ask for them, and not wait until the verdict has gone against him, and then, for the first time, complain that an error was committed."  And in *Davis v. Keen,* 142 N. C., at p. 502: "Any omission to state the evidence correctly or to charge in any particular way should be called to the attention of the court before verdict, so that the judge may have opportunity to correct the oversight.  A party cannot be silent under such circumstances, and, after availing himself of the chance to win a verdict, raise an objection afterwards.  He is too late.  His silence will be adjudged a waiver of his right to object, where the instruction of the court is not itself erroneous.  This has been approved in many cases, and very lately in several," citing *Baggett v. Lanier,* 178 N. C., 132; *Futch v. R. R., ibid.,* 282; *Sears v. R. R., ibid.,* 285; *S. v. Stancill, ibid.,* 683.  The instruction, as to damages, was somewhat general, but not inherently erroneous, and, therefore, the rule of practice, which we have just stated, should apply.

We find no error in the case or record.

No error.