Joseph A. Rodgers *vs.* Leo A. Boynton.

Middlesex.   November 2, 1943. — December 28, 1943.

Present: Field, C.J., Lummus, Qua, Cox, & Ronan, JJ.

*Damages*, For tort, Consequential.   *Husband and Wife.*

A husband suing for consequential damages resulting from personal in-
juries sustained by his wife was not entitled to have included in his
damages a sum which he paid to a woman whom he hired as a domestic
servant to perform the usual household duties which the wife would
have performed if she had not been injured.

Tort.   Writ in the Third District Court of Eastern
Middlesex dated May 27, 1940.

The declaration contained a first count for property dam-
age, a second count for personal injuries and a third count
for consequential damages.

Upon removal to the Superior Court, the action was re-
ferred to an auditor and was afterwards submitted to
*Dowd, J.*

*J. T. Hargraves,* for the defendant.

*W. G. Andrew,* for the plaintiff.

Ronan, J.   The plaintiff and his wife were injured on
account of the negligent operation of an automobile by the
defendant, and they brought separate actions to recover
damages, which were tried together before an auditor.   He
found in favor of the wife for $1,432, which included $182
for impairment of earning capacity for thirteen weeks at
the rate of $14 a week.   In the husband's case the auditor
found for the husband in the sum of $1,074.   This total in-
cluded $54 which was all the damages assessed by him upon
the third count of the husband's declaration for consequen-
tial damages due to the injury to his wife.   This sum of $54
represented the charges made by a physician who attended
his wife and also a charge for an x-ray.   The auditor refused
to include in these consequential damages a bill for $330
from Mrs. Viera for alleged nursing of the plaintiff's wife.

The auditor found that Mrs. Viera was hired by the plaintiff to care for his home, and that he paid her $330 at the rate of $15 a week. She did not appear as a witness before the auditor. The auditor concluded that she could not have been a nurse as she received only $15 a week while the wages for a registered nurse were $42 a week. He stated that "While she helped Mrs. Rodgers somewhat as a nurse might, she really prepared the meals for her, for her husband, and for herself, did the sweeping, made beds, washed dishes, and did what any ordinary domestic servant would do." We understand this statement to mean that Mrs. Viera was hired by the husband as a domestic servant and that she performed the usual household duties. We assume that the wife would have performed those duties if she had not been injured. The cases were submitted to the Superior Court upon the reports of the auditor and in accordance with a stipulation of the parties that if the action of the auditor was right, judgment was to be entered in favor of the wife in the sum found by the auditor and in favor of the husband in the sum of $1,074; but that if the auditor was wrong in excluding this item of $330, then judgment was to be entered for the wife in the sum found by the auditor and for the husband in the sum of $1,404. The defendant excepted to an order for judgment for the husband in this larger sum.

A plaintiff who has suffered physical injury through the fault of a defendant is entitled to recover for pain and suffering; for reasonable expenses incurred by him for medical care and nursing in the treatment and cure of his injury; for diminution in his earning power; and for such pain and suffering and such expenses and diminution of earning capacity as are shown to be reasonably probable to continue in the future. The measure of damages is fair compensation for the injury sustained. *Sullivan* v. *Old Colony Street Railway*, 197 Mass. 512. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. *Cross* v. *Sharaffa*, 281 Mass. 329. *Doherty* v. *Ruiz*, 302 Mass. 145. *Daniels* v. *Celeste*, 303 Mass. 148. *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76.

The amount of compensation that a wrongdoer is required

to pay does not depend upon the fact that the victim is a minor or a married woman. In such instances, the law splits the cause of action arising from the personal injury to the minor or married woman and gives each the right to recover for personal injuries, and gives the parent or husband, as the case may be, the right to recover for medical and nursing expenses, but in the case of the husband only for such expenses up to the time of trial. The parent of an injured unemancipated minor is entitled to compensation for the loss of his services. The action for personal injuries belongs to the minor or wife and the action for consequential damages to the parent or husband. *Horgan* v. *Pacific Mills,* 158 Mass. 402. *McGreevey* v. *Boston Elevated Railway,* 232 Mass. 347. *Cassidy* v. *Constantine,* 269 Mass. 56. *Thibeault* v. *Poole,* 283 Mass. 480. But whether all the damages belong to the person suffering the personal injury or to that person and to the parent or husband, there must not be any overlapping of the various elements constituting the damages; and while each item of damage may for convenience be appraised separately, the sum of the appraisals of the parts must not exceed fair compensation for the entire injury. The appraisal of property for the purpose of taxation or in eminent domain cases furnishes an analogy. *Massachusetts General Hospital* v. *Belmont,* 238 Mass. 396. *Cotton* v. *Lexington,* 261 Mass. 169. *Harvard Trust Co.* v. *Cambridge,* 270 Mass. 403.

It is to be noted that the plaintiff's wife recovered damages for such diminution in earning power as the auditor found was due to the injury. Her ability to work belonged to her; and if her capacity to work was lessened by her injury, then she alone was entitled to recover the value of that part of her capacity to earn of which she was deprived. Her time was her own. She had a right to work and her earnings belonged to her. Whether she was gainfully employed or not at the time of the injury, she was entitled to damages for any impairment in her capacity to work and earn. *Matloff* v. *Chelsea,* 308 Mass. 134, 136, and cases cited. She was entitled to have considered in the assessment of her damages her inability, due to the injury, to

perform her household duties, just as she would be entitled to have considered any other restriction, due to the injury, of her activities. *Gotsch* v. *Market Street Railway*, 89 Cal. App. 477, 483. *Jerrell* v. *Harrisburg Fair & Park Association*, 215 Ill. App. 273, 280. *Sczuck* v. *Chicago Railways*, 229 Ill. App. 325, 334, 335. *Glanville* v. *Chicago, Rock Island & Pacific Railway*, 196 Iowa, 456, 463, 464. *Kleine* v. *Pittsburgh Railways*, 252 Penn. St. 214, 218.

We assume, in the absence of anything to the contrary appearing, that the auditor followed the correct principles of law and that in assessing damages for the diminution of her capacity to work and earn, due to the injury, he included damages for such diminution whether she was then engaged in duties within or without her home or in no duties at all. The defendant, having been assessed in the wife's case for damages on account of the impairment of her capacity to work and earn, would be held for double damages if this element of damages should also be allowed in the husband's case. *Whitcomb* v. *New York, New Haven & Hartford Railroad*, 215 Mass. 440, 442. *Robbins* v. *Roques*, 128 Cal. App. 1. *Murphy* v. *Pittsburgh Railways*, 292 Penn. St. 191.

The loss of earning capacity by the wife was not an item of damage for which the husband was entitled to recover. He could not even recover the value of what he was deprived of by her disability to perform household duties. *Feneff* v. *New York Central & Hudson River Railroad*, 203 Mass. 278. *Bolger* v. *Boston Elevated Railway*, 205 Mass. 420. *Whitcomb* v. *New York, New Haven & Hartford Railroad*, 215 Mass. 440. *Gearing* v. *Berkson*, 223 Mass. 257, 260. See *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282; *Daniels* v. *Celeste*, 303 Mass. 148; *Gaillard* v. *Boynton*, 70 Fed. (2d) 552.

The plaintiff relies upon *Copithorne* v. *Hardy*, 173 Mass. 400, and *Barrows* v. *Checker Taxi Co.* 290 Mass. 231. The only question relative to damages that was decided in those cases was whether the injured plaintiff was entitled to include in her damages the amount paid to persons who furnished services while she was recovering from her injuries. No question arose as to whether those amounts

could be included in a claim for consequential damages, for in neither case was the court passing upon a claim for expenses incurred by a person other than the one who suffered the physical injury.

In this Commonwealth where the right of a husband to recover against a wrongdoer who has caused a physical injury to his wife for loss of consortium in its comprehensive sense as including loss of her aid, assistance, comfort, society and services has been denied, it logically follows that he could not recover for any expense incurred by him on account of his loss of her services. In some jurisdictions where the common law concept of consortium still remains, at least in so far as the husband's right to the wife's services is concerned, the husband may recover for the loss of her services due to her injury and may show the expenses incurred in paying others for the performance of services which, but for her injury, the wife would have performed. *Tomme* v. *Pullman Co.* 207 Ala. 511. *Useman* v. *Minneapolis Street Railway*, 198 Minn. 79. *Hertzberg* v. *Pittsburgh Taxicab Co.* 243 Penn. St. 540. *Woodward* v. *Wilbur*, 54 R. I. 60. We do not follow the reasoning adopted elsewhere that, although he was not entitled to her services and could not recover for being deprived of them, he might, nevertheless, recover the money expended by him in securing the rendition of these services by another. See *Hansen* v. *Costello*, 125 Conn. 386. Compare *Marri* v. *Stamford Street Railroad*, 84 Conn. 9.

The exceptions of the defendant must be sustained, and in accordance with the stipulation of the parties judgment is to be entered for the plaintiff for $1,074.

*So ordered.*