ROSA LEE JOHNSON v. HAROLD WREY LEWIS
AND
EFIRD JOHNSON, BNF ROSA LEE JOHNSON v. HAROLD WREY LEWIS.

(Filed 29 January, 1960.)

**1. Trial § 22—**

On motion to nonsuit, plaintiffs' evidence must be considered in the light most favorable to them together with so much of defendant's evidence as tends to support the cause of action, but defendant's evidence in conflict with that of plaintiffs should not be considered.

**2. Automobiles § 41b—**

Evidence tending to show that defendant could have seen plaintiffs' automobile skidding out of control when plaintiffs' vehicle was some five hundred yards away, that plaintiffs' vehicle skidded around so as to head back in the opposite direction, and was proceeding in that direction when its rear was struck by defendant's vehicle with such force as to knock the front seat of the car loose, is *held* sufficient to be submitted to the jury on the questions of negligence and proximate cause, whether defendant, in the exercise of due care, could and should have stopped before running into the rear of plaintiffs' car being for the jury under the evidence.

JOHNSON *v.* LEWIS.

**3. Automobiles § 49—**

Where, in the wife's action to recover for injuries sustained when her husband's vehicle, in which she was riding, skidded out of control and was struck from the rear by defendant's automobile, there is no evidence that she knew the rear tires on his car were slick and no evidence that he was driving at excessive speed under the conditions then existing or careless and reckless insofar as a passenger, who had no knowledge of the condition of the tires, could ascertain, the evidence is insufficient to warrant the submission of the issue of the wife's contributory negligence to the jury.

**4. Automobiles § 50—**

Evidence tending to show merely that the wife was riding as a passenger in an automobile owned and driven by her husband, without any evidence that she had any control over its operation, is insufficient to be submitted to the jury on the issue of her contributory negligence on the theory of a joint enterprise.

**5. Damages § 15—**

In an action to recover for negligent injury, an instruction on the issue of damages to the effect that plaintiff would be entitled to recover one compensation in a lump sum for injuries past, present, and prospective, etc., will not be held for error on the ground that the charge failed to limit the recovery of future damages to their present cash value, since the charge is based on the cash settlement rule and it appearing that the verdict was not excessive and that there was no request for further instructions to the jury.

**6. Damages § 14—**

Evidence tending to show that plaintiff was a married woman who at the time of the injury had a child five years old, that as a result of the collision she received a chest injury, breaking some ribs and necessitating a night in a hospital and three weeks in bed, that she suffered constant pain for three weeks, and that on occasion thereafter, after working with her hands, she suffered pain, *is held* sufficient evidence of age, loss of time, and loss of earning power to support the submission of the issue of damages for her injuries, past, present, and prospective.

**7. Husband and Wife § 8—**

Under G.S. 52-10 the wife may sue alone to recover any pecuniary loss for personal injury sustained by her, including loss of earning power even though she was not gainfully employed at the time of the injury or was engaged merely in the performance of household duties, since a married woman has the potential capacity of working and earning money, and is entitled to recover for impairment of this capacity.

**8. Appeal and Error § 42—**

A new trial will not be awarded for mere inadvertence in the charge which could not have prejudiced the appellant, construing the charge contextually.

**9. Damages § 15—**

Upon evidence that a five-year old child suffered a broken leg in a

collision resulting in one of his legs being one-half inch shorter than the other, an instruction which fails to limit the recovery to the present worth of the impairment of his earning capacity after reaching his majority must be held for error.

**10. Appeal and Error § 54—**

Where the only error relates solely to the issue of damages and is entirely separable from the other issues, the Supreme Court in the exercise of its discretion will ordinarily limit the new trial to the issue of damages, there being no danger of complication.

APPEAL by defendant from *Hall, J.,* April 1959 Term, of BRUNSWICK.

Separate actions by Rosa Lee Johnson and by Efird Johnson, by his next friend, wife and infant son, respectively, of William King Johnson, to recover damages for personal injuries to each plaintiff, allegedly caused by the actionable negligence of defendant, Harold Wrey Lewis.

The two actions were tried together. In each case an issue of negligence and damages was submitted to the jury, and the jury answered the negligence issue in each case Yes, and the issue of damages in Rosa Lee Johnson's case $2,000.00, and the issue of damages in Efird Johnson's case, by his next friend, $5,000.00.

From judgments entered in each case in accord with the verdicts, defendant appeals.

*Louis K. Newton and Herring, Walton & Parker by Ernest E. Parker, Jr., for plaintiffs, appellees.*

*Robert D. Cronly and Varser, McIntyre, Henry & Hedgpeth for defendant, appellant.*

PARKER, J.  Plaintiffs and defendant offered evidence. Defendant assigns as error the denial by the court of his motions for judgments of nonsuit renewed at the close of all the evidence. Defendant also assigns as error the refusal of the trial court to submit an issue as to contributory negligence in the case of Rosa Lee Johnson, tendered by him.

Plaintiffs and defendant live in Bolivia, Brunswick County. William King Johnson is the husband of Rosa Lee Johnson, and the father of Efird Johnson. Efird Johnson on 5 June 1957 was five years old.

Plaintiffs' evidence tends to show the following facts: On 5 June 1957, William King Johnson owned a 1953 Pontiac automobile. The tires on the front wheels were new, the tires on the rear wheels were worn down considerably and slick. About 5:00 o'clock p. m. on that day, William King Johnson was driving his automobile to Wilmington,

travelling in a northerly direction on Highway #17. His wife was on the front seat, and his son, Efird, was on the rear seat. It had been raining, and the hard-surfaced road was wet and slick. He was driving on his right hand side, and approached a long gradual curve. As he entered the curve, he slowed his automobile to a speed of about 35 to 40 miles an hour. Just as he began to leave the curve, his automobile began skidding, skidded about 30 feet, turned around, and stopped on the right side of the road going south. He immediately started down the road to turn, and had travelled about 25 feet, when the front part of an automobile driven by defendant ran into the rear end of his automobile. Defendant's automobile stopped at the point of impact, and his automobile travelled about 50 feet before it stopped off the highway.

Defendant's automobile was traveling south on the same highway, and was about 500 yards from William King Johnson's automobile, when the Johnson automobile began to skid. William King Johnson could see north along the highway at the point where he started skidding about three-fourth of a mile, and saw defendant's approaching automobile, but he had no opinion as to its speed at the time. Defendant testified: "I was not going more than 25 to 30 miles at the time he spun out in front of me." Defendant also testified that the Johnson automobile could not have been more than two car lengths in front of him, when it spun out in front of him. During the time William King Johnson's automobile was skidding, and until the collision occurred, there were no other automobiles between his automobile and defendant's automobile.

In the collision the front seat of the Johnson automobile was knocked loose, and pushed around toward the dashboard of the automobile. Immediately after the collision Rosa Lee Johnson was between the front and rear seats, and a seat — the record does not state which seat — was pulled off of Efird Johnson, who was unconscious.

Plaintiffs' evidence, considered in the light most favorable to them, and considering so much of defendant's evidence as is favorable to them, and ignoring defendant's evidence which tends to establish a different state of facts, or which tends to contradict or impeach plaintiffs' evidence, *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307, permits these legitimate inferences to be drawn therefrom, that defendant failed to keep a proper lookout in his direction of travel, that if he had performed this duty the law imposed upon him, he could have seen some 500-yards ahead of him the Johnson automobile skidding on the road and out of control, and could in the exercise of due care have stopped his automobile before running into the rear of the Johnson

automobile with such force as to knock loose the front seat of the Johnson automobile, that defendant was guilty of negligence, which proximately caused plaintiffs' injuries. The trial court properly overruled the motions for judgments of nonsuit. *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330; *Taylor v. Rierson,* 210 N.C. 185, 185 S.E. 627; *Daniel v. Packing Co.,* 215 N.C. 762, 3 S.E. 2d 282.

In respect to the tendered issue of contributory negligence in Rosa Lee Johnson's case. William King Johnson had owned the automobile about two years. He worked in Wilmington, and drove his automobile to and from work. Rosa Lee Johnson testified: "If I had paid any attention I reckon I could have seen the automobile or its condition. I have my every day duties to do. My duty in the house hardly ever, at that time, carried me to duties in the yard. I did not know the tires were slick." She did not ride in the automobile every day. There is no evidence in the record in either plaintiffs' or defendant's evidence tending to show that Rosa Lee Johnson knew the tires on the rear wheels of the automobile were worn and slick. There is no evidence of excessive speed under the conditions then existing or of careless and reckless driving of the automobile so far as concerns Rosa Lee Johnson, who did not know the rear tires were slick, of failure of William King Johnson to keep a proper lookout, or to have his automobile under control before it started skidding. There is no evidence that Rosa Lee Johnson in the exercise of due care had reasonable ground to believe that the rear tires were worn and slick. There is no evidence of a joint enterprise, or that Rosa Lee Johnson had any control over the automobile owned by her husband which he was driving. She was a guest in the car. There was no evidence to require the submission of an issue of contributory negligence in her case. *York v. York,* 212 N.C. 695, 194 S.E. 486. In the *York* case there was evidence of excessive speed.

Defendant assigns as error number 22, based on exception 23, the trial court's entire charge on the measure of damages on the second issue in *Rosa Lee Johnson's* case, which reads as follows: "I instruct you, gentlemen, that the rule for the measure of damages in a case of this kind is that if the plaintiff in the *Rosa Lee Johnson* case, if the plaintiff is entitled to recover at all, she is entitled to recover her damages, one compensation in a lump sum for all injuries, past, present and prospective, caused by the defendant's wrongful and negligent act, embracing loss of time, loss from inability to perform labor and capacity to earn money. The plaintiff would be entitled for reasonable satisfaction for mental and physical suffering, if any you find, which were the immediate or necessary result of the consequences of

the defendant's wrongful act. It is for you, the jury, to say under all the circumstances what is a fair compensation which you have paid to the plaintiff now as a cash settlement which would reasonably compensate her for all injuries."

Defendant contends that the charge was error, in that it permitted the jury to award Rosa Lee Johnson damages for loss of time, inability to perform labor and capacity to earn money, when there was no evidence as to her age, no evidence that she had ever earned any money, no evidence she had lost any time, and no evidence of her inability to perform her household duties, or to earn money. Defendant contends another vice of this part of the charge is that it did not limit her recovery for prospective loss to the present worth of such loss.

The substance of Rosa Lee Johnson's testimony as to her injuries is: Immediately prior to the injury, she had good health. She received in the collision a chest injury, and some broken ribs. She spent a night in a hospital. She was bandaged, and given medicine. She wore the bandage steady for three weeks, and off and on after the three weeks. As a result of her chest injuries, she stayed in bed three weeks in the home of a relative in Wilmington, except to go to a doctor. Her chest felt like it was a tension inside, and hurt terribly for three weeks, and now sometimes if she works with her hands, it hurts like that. As to her age, her evidence shows she is the mother of Efird Johnson, who on 5 June 1957 was five years old.

By virtue of N.C.G.S. 52-10 a wife can sue alone, and is entitled to recover any pecuniary loss for personal injuries sustained by her by reason of a defendant's actionable negligence "from inability to perform labor or to carry on her household duties," which recovery "shall be her sole and separate property as fully as if she had remained unmarried." *Helmstetler v. Power Co.*, 224 N.C. 821, 32 S.E. 2d 611.

In an action for damages for wrongful death, we have held that direct evidence of the earnings of the deceased is not essential. *Hicks v. Love*, 201 N.C. 773, 161 S.E. 394. We have also held that more than nominal damages are recoverable for the negligent killing of an infant without direct evidence of the pecuniary damage other than sex, age and health. *Russell v. Steamboat Co.*, 126 N.C. 961, 36 S.E. 191.

In 25 C.J.S., Damages, p. 514, it is said: "A person is not deprived of the right to recover damages because of inability to labor or transact business in the future, because of the fact that at the time of the injury he is not engaged in any particular employment. . . . The fact

that a woman attends merely to household duties will not deprive her of a right to recover for loss of earning capacity."

In *Rodgers v. Boynton,* 315 Mass. 279, 52 N.E. 2d 576, 151 A.L.R. 475, the Court said: "It is to be noted that the plaintiff's wife recovered damages for such diminution in earning power as the auditor found was due to the injury. Her ability to work belonged to her; and if her capacity to work was lessened by her injury, then she alone was entitled to recover the value of that part of her capacity to earn of which she was deprived. Her time was her own. She had a right to work and her earnings belonged to her. Whether she was gainfully employed or not at the time of the injury, she was entitled to damages for any impairment in her capacity to work and earn. Citing cases. She was entitled to have considered in the assessment of her damages her inability, due to the injury, to perform her household duties, just as she would be entitled to have considered any other restriction, due to the injury, of her activities."

Our statute N.C.G.S. 52-10 is in accord with the realistic trend of the modern decisions, which recognize the fact that a wife, as an individual, has a personal right to work and earn money, whether she is gainfully employed at the time or engaged merely in the performance of household duties, and where her capacity to work and earn money is impaired by injury, she has suffered a definite, substantial loss. This is particularly true in view of the fact that married women in increasing numbers are engaging in business pursuits and employments as do men, and like men, whether so employed or not, have a potential capacity to labor and earn money. See Annotation 151 A.L.R., p. 511.

The part of the charge quoted above uses the words "one compensation in a lump sum for all injuries, past, present and prospective," and later the words "paid to the plaintiff now as a cash settlement." This was intended to mean, and did mean, that the award should represent the present worth or the present cash value of plaintiff's injuries, past, present and prospective. In the last sentence of this part of the charge the record shows these words "which you have paid to the plaintiff." It would seem that the correct words would be "which should be paid to the plaintiff," or words of similar import. However that may be, reading this part of the charge assigned as error number 22 as a whole, we think that the jury was not confused or misled, or the defendant prejudiced, by the inept words in the last sentence of this part of the charge, and to award a new trial, or a new trial on the issue of damages alone, because of this last sentence, would be meticulous and finical to an unwarranted degree.

It seems that the essential elements of the measure of damages in *Rosa Lee Johnson's* case were given. Defendant requested no further instructions as to damages in her case, nor any amplification of the charge on the measure of damages in her case. The award of damages in her case does not appear excessive. Following our decisions of *Pascal v. Transit Co.*, and *Lambert v. Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534, and of *Hill v. R. R.*, 180 N.C. 490, 105 S.E. 184, and by virtue of the authorities set forth above in respect to this part of the charge, defendant's assignment of error number 22 to the charge is overruled.

All the other assignments of error, except formal ones, are to the charge. All of these assignments of error have been carefully examined, and all are overruled, except assignments of error numbered 24, 25 and 26 in respect to the measure of damages on the second issue in the case of the infant Efird Johnson.

The infant Efird Johnson's evidence tends to show that in the collision he sustained a broken leg, and as a result of the fracture one of his legs is now one-half inch shorter than the other. The charge on damages in this case is fatally defective in that nowhere does it limit the infant's recovery to the present worth of a fair and reasonable compensation for his mental and physical pain and suffering, and for his permanent injuries, if any, resulting in the impairment of his power or ability to earn money after reaching his majority. *Shipp v. Stage Lines*, 192 N.C. 475, 479, 135 S.E. 339; *Toler v. Savage*, 226 N.C. 208, 37 S.E. 2d 485.

We perceive no good reason why the infant Efird Johnson should again be put to trial on the first and second issues. The statement of *Walker, J.*, for the Court in *Lumber Co. v. Branch*, 158 N.C. 251, 73 S.E. 164, has been quoted many times by us with approval: "It is settled beyond controversy that it is entirely discretionary with the Court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication." This case comes within the rule stated by *Justice Walker* as to when a partial new trial will be ordered, and in awarding a partial new trial upon the issue of damages alone, we find precedents in our following decisions: *Lieb v. Mayer*, 244 N.C. 613, 94 S.E. 2d 658; *Hinson v. Dawson*, 241 N.C. 714, 86 S.E. 2d 585; *Journigan v. Ice Co.*, 233 N.C. 180, 63 S.E. 2d 183; *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366; *Jackson v. Parks*, 220 N.C. 680, 18 S.E. 2d 138; *Messick v. Hickory*, 211 N.C. 531, 191 S.E. 43; *Gossett v. Metropolitan Life Ins. Co.*, 208 N.

C. 152, 179 S.E. 438; *Johnson v. R. R.*, 163 N.C. 431, 79 S.E. 690, Ann. Cas. 1915 B 598; *Rushing v. R. R.*, 149 N.C. 158, 62 S.E. 890, *Pickett v. R. R.*, 117 N.C. 616, 23 S.E. 264; *Tillett v. R. R.*, 115 N.C. 662, 20 S.E. 480. The instant case of Efird Johnson, infant, falls in the same category.

In *Rosa Lee Johnson's* case, we find no error. In the case of the infant Efird Johnson, a new trial is ordered, limited, however, to the issue of damages.

Rosa Lee Johnson's Case — No error.

Efird Johnson's, an infant, case — Partial new trial.