CATHERINE B. PURGASON v. RUTH R. DILLON

No. 7117SC7

(Filed 21 October 1970)

1. Evidence § 50; Damages § 13— personal injury action — admissibility of medical testimony

In an action to recover for personal injuries arising out of an automobile accident, testimony by the plaintiff's doctor furnished an adequate basis for his opinion that the plaintiff's hospitalization subsequent to the accident could have been caused by the accident, where the doctor related that he had been treating the plaintiff for a diabetic condition for several years, that he had admitted the plaintiff to a hospital at least once prior to the accident, and that the plaintiff's diabetic condition was adversely affected by emotional stress and nervousness resulting from the accident.

2. Damages § 16— personal injury action — aggravation of injuries —instructions

In an action to recover for personal injuries arising out of an automobile accident, there was no merit to defendant's contention that the court erred in failing to limit the damages plaintiff was entitled to recover to any additional aggravation of her pre-existing diabetic

condition, where (1) the jury was clearly instructed that plaintiff was entitled to recover compensation only for injuries found to be the direct, natural and proximate result of defendant's negligence and (2) there was nothing in the charge that would permit the jury to infer that plaintiff was entitled to damages for her diabetic condition, except insofar as it was aggravated by the accident.

3. **Damages § 16— personal injury action — instructions**

In an action to recover for personal injuries arising out of an automobile accident, defendant's contention that the trial court should not have given a general instruction on the elements of recovery for damages in the absence of specific evidence that plaintiff had ever earned any money or lost any time, *held* without merit, especiallly since defendant made no request for further instructions as to any phase of the case.

ON *certiorari* from *Long, J.,* 13 April 1970 Civil Session of ROCKINGHAM County Superior Court.

Plaintiff filed complaint 7 April 1967 seeking to recover for personal injuries and property damage allegedly resulting from a collision caused by the negligence of defendant. The complaint alleged that plaintiff sustained various direct injuries, and also that a pre-existing diabetic condition was aggravated by the collision. Defendant answered and denied the essential allegations of negligence and damages. The jury answered the issue of negligence in plaintiff's favor and awarded damages for personal injuries in the sum of $5,000 and for property damage in the sum of $950. From judgment entered on the verdict, defendant appealed.

*C. Orville Light and A. D. Folger, Jr., for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by David A. Irvin for defendant appellant.*

GRAHAM, Judge.

Defendant seeks a new trial only on the issue of damages for personal injuries.

[1] Defendant's first assignment of error is that the court erred in allowing plaintiff's doctor to testify, in response to a hypothetical question, that plaintiff's hospitalization subsequent to the accident could, or might, have been caused by the accident. The doctor, who was stipulated to be a medical expert, testified that he had treated plaintiff for a diabetic condition for several years. On at least one occasion prior to the accident he had admitted her to the hospital for treatment. When he

examined plaintiff on the date of the accident he observed contusions over the area of her right knee and was of the opinion that she had also suffered a muscular-fascia strain of the neck and shoulder regions. He further observed that plaintiff was highly nervous and upset. On subsequent examinations plaintiff complained of being tense, nervous, worried and unable to sleep. The doctor attributed this increased stress to the accident and noted a deterioration in her diabetic condition which ultimately required her admission to the hospital for treatment. He explained in detail how emotional stress adversely affects diabetes and related the deterioration of the diabetic condition to plaintiff's emotional stress.

In our opinion, this evidence furnished an adequate basis for the doctor to express his opinion as to the cause for plaintiff's hospitalization. The fact that she had been hospitalized for her diabetic condition prior to the accident certainly did not rule out the accident as a proximate cause of her having to return. This assignment of error is overruled.

[2] Defendant's second assignment of error is that in instructing the jury the court failed to limit the damages plaintiff was entitled to recover to the additional aggravation, if any, of her pre-existing diabetic condition. In the case of *Potts v. Howser*, 274 N.C. 49, 161 S.E. 2d 737, Justice Huskins, speaking for the court, quoted with approval the following principle from 25 C.J.S., Damages, § 21, p. 661:

> " 'On the other hand, where the wrongful act does not cause a diseased condition but only aggravates and increases the severity of a condition existing at the time of the injury, the injured person may recover only for such increased or augmented sufferings as are the natural and proximate result of the wrongful act, or, as otherwise stated, where a pre-existing disease is aggravated by the wrongful act of another person, the victim's recovery in damages is limited to the additional injury caused by the aggravation over and above the consequences, which the pre-existing disease, running its normal course, would itself have caused if there had been no aggravation by the wrongful injury.'

> An injured person is entitled to recover all damages proximately caused by the defendant's negligence. Even so, when his injuries are aggravated or activated by a pre-existing physical or mental condition, defendant is liable only to the

extent that his wrongful act proximately and naturally aggravated or activated plaintiff's condition. 'The defendant is not liable for damages . . . attributable solely to the original condition.' 22 Am. Jur. 2d, Damages § 124. Plaintiff is confined to those damages due to its enhancement or aggravation. *Louisville Taxi Cab and Transfer Co. v. Hill*, 304 Ky. 565, 201 S.W. 2d 731; *Sterrett v. East Texas Motor Freight Lines*, 150 Tex. 12, 236 S.W. 2d 776. Compare *Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265."

At no time has plaintiff contended that her diabetic condition resulted from the accident or that she is entitled to recover damages attributable solely to this pre-existing condition. The jury was clearly instructed that plaintiff was entitled to recover compensation only for injuries found to be the direct, natural and proximate result of defendant's negligence. We find nothing in the charge that would permit the jury to infer that plaintiff was entitled to damages for her diabetic condition, except insofar as it was aggravated by the accident.

Furthermore, we do not have here the situation present in the case of *Harris v. Greyhound Corporation*, 243 N.C. 346, 90 S.E. 2d 710, which is relied upon by the defendant. There, "the [trial] court made no reference to the sharply conflicting evidence as to whether plaintiff's fall aggravated a pre-existing kidney condition or had nothing whatever to do with it; and no instruction of law was given with reference thereto." In an opinion awarding a new trial to defendant, Justice Bobbitt (now Chief Justice) pointed out that "[u]nless the plaintiff's kidney condition and operation were caused or aggravated by the fall on 21 January, 1954, the jury should have disregarded such kidney condition and operation. It was for the jury to say whether plaintiff's pre-existing kidney condition was aggravated by the fall on 21 January, 1954, and if so, to award damages only to the extent they found such pre-existing kidney condition had been aggravated by the fall on 21 January, 1954. It would seem that the court should have instructed the jury specifically bearing upon this important phase of the case."

The jury here was instructed in substance that plaintiff's hospitalization could be considered as an element of damages only if the jury found, by the greater weight of the evidence that defendant's negligence proximately caused an aggravation of plaintiff's pre-existing diabetic condition and that said aggravation proximately caused her hospitalization. The instruc-

tions, in our opinion, are not in conflict with the principles expressed in the *Harris* case.

[3] Defendant also challenges the court's instructions as to certain elements to be considered in awarding damages. Defendant requested no further instructions as to any phase of the case and at the conclusion of the charge, defendant's attorney stated: "The defendant is satisfied your honor." The portion of the charge excepted to here is similar in essential respects with the charge approved by the Supreme Court in *Johnson v. Lewis*, 251 N.C. 797, 112 S.E. 2d 512. There, as here, the appellant contended that a general instruction as to the elements of recovery for damages should not have been given in the absence of specific evidence that plaintiff had ever earned any money or lost any time. Justice Parker (later Chief Justice), speaking for the court, stated:

> "In 25 C.J.S., Damages, p. 514, it is said: 'A person is not deprived of the right to recover damages because of inability to labor or transact business in the future, because of the fact that at the time of the injury he is not engaged in any particular employment. . . . The fact that a woman attends merely to household duties will not deprive her of a right to recover for loss of earning capacity.'

> In *Rodgers v. Boynton*, 315 Mass. 279, 52 N.E. 2d 576, 151 A.L.R. 475, the Court said: 'It is to be noted that the plaintiff's wife recovered damages for such diminution in earning power as the auditor found was due to the injury. Her ability to work belonged to her; and if her capacity to work was lessened by her injury, then she alone was entitled to recover the value of that part of her capacity to earn of which she was deprived. Her time was her own. She had a right to work and her earnings belonged to her. Whether she was gainfully employed or not at the time of the injury, she was entitled to damages for any impairment in her capacity to work and earn. Citing cases. She was entitled to have considered in the assessment of her damages her inability, due to the injury, to perform her household duties, just as she would be entitled to have considered any other restriction, due to the injury, of her activities.'

> \* \* \*

> It seems that the essential elements of the measure of damages in *Rosa Lee Johnson's* case were given. Defendant re-

quested no further instructions as to damages in her case, nor any amplification of the charge on the measure of damages in her case. The award of damages in her case does not appear excessive. Following our decisions of *Pascal v. Transit Co.,* and *Lambert v. Transit Co.,* 229 N.C. 435, 50 S.E 2d 534, and of *Hill v. R.R.,* 180 N.C. 490, 105 S.E. 184, and by virtue of the authorities set forth above in respect to this part of the charge, defendant's assignment of error number 22 to the charge is overruled."

We have reviewed all of defendant's assignments of error, and in our opinion no error has been made to appear which is sufficiently prejudicial to require a new trial.

No error.

Judges BROCK and MORRIS concur.