BETTY GRIGG HOWELL v. FLOYD GARFIELD NICHOLS

No. 7427SC469

(Filed 21 August 1974)

1. **Damages § 13— aggravation of existing condition — future pain — future treatment — causation**

In an action to recover for personal injuries received in an automobile collision wherein plaintiff's evidence tended to show that a cervical sprain suffered in the accident aggravated an existing disc condition, the trial court properly excluded a doctor's testimony that

pain suffered by plaintiff could be indefinite where plaintiff offered no evidence to show the degree and duration of the pain that might be expected from the disc condition absent the superimposed cervical sprain or the probable effect of the cervical sprain on the degree and duration of such pain; also, the court properly excluded the doctor's testimony that a cervical fusion might become necessary in the future where plaintiff's evidence failed to show whether the fusion might become necessary as a result of the cervical sprain or whether it might become necessary even if plaintiff had not suffered the sprain.

2. **Trial § 52— refusal to set aside verdict**

The trial court did not abuse its discretion in refusing to set aside a verdict of $1500 in an action to recover for personal injuries sustained in an automobile collision.

APPEAL by plaintiff from *Snepp, Judge,* 18 February 1974 Session of Superior Court held in GASTON County. Heard in the Court of Appeals 13 June 1974.

Plaintiff seeks to recover damages for injuries resulting from a collision between her automobile and one operated by defendant.

Defendant stipulated that his negligence caused the accident. The only issue at trial was that of damages. The jury awarded plaintiff $1,500.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Hollowell, Stott & Hollowell, by Grady B. Stott and James C. Windham, Jr., for defendant appellee.*

MORRIS, Judge.

[1] Plaintiff contends that the court improperly excluded testimony from Dr. James A. Sanders to the effect that the pain suffered by plaintiff "could be indefinite or prolonged for an indefinite period of time." We hold that the testimony was properly excluded. The substance of Sanders' testimony is as follows. Complaining of discomfort in her neck, plaintiff came to Sanders for treatment on 7 July 1971, about three weeks after the accident. At the time, plaintiff "had limitation of motion in her neck. . . . " and indicated "discomfort over the medial border. The medial refers to toward the middle. This would be toward the inner part of the wing bone . . . the scapula. If you put your arm behind you, you'll probably just be . . . barely able to put your thumb in that area . . . X-rays were taken . . . and these

revealed the patient had degenerative disc disease at the third and fourth cervical interspace."

Sanders prescribed medication for pain, muscle relaxant and traction. He also advised plaintiff to use heat on her neck. During a subsequent consultation on 20 September 1971, Sanders informed plaintiff that "it might be some time before her pain would subside." On 10 July 1972, a year after his initial examination of plaintiff, Sanders again saw the patient. "At that time, [he] made a note that the degenerative disc disease was the primary cause of her discomfort, with a strain being superimposed to that." The patient was advised to continue using traction which she had been using intermittently. Regarding "the function and aim" of the traction, Sanders explained

> "that traction applies a pull to the neck and in this way it tends to make the muscles in the neck relax. This is what causes most of the discomfort in a problem such as this. The muscles tend to tighten up and go into spasm and most of the pain is due to this. The residual pain that you have after getting the muscles to relax is due primarily to the disc problem."

During another examination four months later, plaintiff was informed that Sanders "thought she had had a sprain of her cervical spine superimposed upon the degenerative disc problem in her neck which she had had [several years] prior to the accident." Sanders also indicated that he "did not see objective finding to indicate permanent disability." Plaintiff's evidence thus tends to show that she suffered from degenerative disc disease before the accident occurred, that this condition may have been aggravated by a cervical sprain precipitated by the collision, that although both degenerative disc disease and a cervical sprain can cause pain, the former condition was the primary cause of plaintiff's condition. Where, as here,

> "the wrongful act does not cause a diseased condition but only aggravates and increases the severity of a condition existing at the time of the injury, the injured person may recover only for such increased or augumented sufferings as are the natural and proximate result of the wrongful act, or, as otherwise stated, where a pre-existing disease is aggravated . . . the . . . recovery . . . is limited to the additional injury caused by the aggravation over and above the consequences, which the pre-existing disease, running

its normal course, would itself have caused if there had been no aggravation by the wrongful injury." *Potts v. Howser,* 274 N.C. 49, 54, 161 S.E. 2d 737 (1968), *quoting* 25 C.J.S., Damages, § 21, p. 661.

Plaintiff offered no evidence tending to show either the degree and duration of pain she might be expected to experience from degenerative disc disease absent the superimposed cervical spine strain or the probable effect of the spinal sprain on the degree and duration of such pain. See *Potts v. Howser, supra; Purgason v. Dillon,* 9 N.C. App. 529, 176 S.E. 2d 889 (1970). Since plaintiff's evidence does not show a reasonable certain causal relationship between the cervical spinal sprain which may have aggravated the degenerative disc condition and possible pain and suffering in the future, see *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753 (1965); *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40 (1964); *Johnson v. Brown,* 11 N.C. App. 323, 181 S.E. 2d 321 (1971), Sanders' testimony regarding future pain was properly excluded.

In a related challenge, plaintiff argues that Sanders should have been permitted to testify that cervical fusion was an alternative mode of treatment "to further the situation as far as Mrs. Howell is concerned," although Sanders "would not have advised it . . . because [plaintiff] did not appear to be having enough difficulty to warrant the severity of this type of treatment." The record does not indicate whether such treatment might become necessary in the future as a result of the cervical spine sprain or whether it might become necessary even if plaintiff had not suffered the sprain. Hence, the jury could not consider the possibility of future treatment in arriving at plaintiff's damages. The proffered testimony was properly excluded.

Plaintiff also contends that she should have been allowed to state how long her vehicle had been stopped at a traffic light prior to the accident, even though the manner in which the accident happened was not in issue. Since the record does not indicate what plaintiff's response would have been, this Court cannot determine whether exclusion of the testimony was prejudicial. *Gibbs v. Light Co.,* 268 N.C. 186, 150 S.E. 2d 207 (1966). The assignment of error is overruled.

[2] Plaintiff argues that the court erred in not setting aside the verdict and granting a new trial on the grounds that the damages awarded were inadequate. Plaintiff offered evidence

of approximately $240 special damages. The verdict was $1,500. The record does not show that the court abused its discretion in declining to set aside the verdict and ordered a new trial.

Affirmed.

Judges VAUGHN and BALEY concur.