JOHN GREGORY GRIFFIN v. BONNIE CHARLES GRIFFIN AND CHARLES HAMILTON GRIFFIN

No. 7920SC467

(Filed 4 March 1980)

**Damages § 16.3— personal injuries—loss of future earning capacity—award not excessive**

In an action to recover for injuries sustained in an automobile accident, a verdict of $175,000 was not excessive as a matter of law because the evidence was insufficient to establish plaintiff's loss of future earning capacity where the evidence tended to show that plaintiff suffered a cut four or five inches long on his right knee, multiple fractures of his right hand resulting in permanent disability, a sprained ankle, and injuries to his left eye resulting in a permanent condition which bordered on legal blindness.

APPEAL by defendants from *Seay, Judge.* Judgment entered 2 February 1979. Heard in the Court of Appeals 14 January 1980.

Plaintiff sued defendants for personal injuries sustained 13 April 1976 in a collision between a motorcycle operated by plaintiff and a Buick automobile owned by defendant Charles Griffin and operated by his daughter Bonnie. The parties stipulated defendant's car was a family purpose vehicle and that Bonnie had her father's permission to drive it at the time of the collision. They further stipulated plaintiff had been paid by defendants $2,962.67 for partial payment of medical expenses and that defendants were entitled to a credit in that amount against any judgment in favor of plaintiff. Issues of negligence, contributory negligence and damages were answered by the jury in plaintiff's favor. From the judgment entered, defendants appeal. Further evidence necessary to our decision is set out in the opinion.

*Bailey, Brackett & Brackett, by Martin L. Brackett Jr., for plaintiff appellee.*

*Henry C. Doby Jr. for defendant appellants.*

MARTIN (Harry C.), Judge.

Appellants make the following assignments of error:

1. The Court's instructions to the jury explaining the measure of damages on the grounds that the measure of damages was not correctly explained.

2. The Court's denial of defendants' motion for a new trial on the grounds that excessive damages were awarded and appeared to have been given under the influence of passion and prejudice.

3. To the signing and entry of the judgment.

Appellants argue in their brief that there was not sufficient evidence in the case to warrant an instruction to the jury on loss of earning capacity. This contention is not based upon any assignment of error.

The scope of appellate review is limited to a consideration of exceptions set out and made the basis of assignments of error in the record on appeal. Rule 10(a), N.C.R. App. Proc. Appellants failed to except to the court's charge on damages for the reason that the evidence did not support it. Nor does any assignment of error set forth this reason as its basis. We are not required to consider this argument.

Appellants do not argue their first assignment of error in their brief. Therefore, it is deemed abandoned. Rule 28(b)(3), N.C.R. App. Proc.; *State v. Wilson,* 289 N.C. 531, 223 S.E. 2d 311 (1976); *State v. Robinson,* 26 N.C. App. 620, 216 S.E. 2d 497 (1975).

In arguing their second assignment of error, appellants obliquely raise an analogous question in contending the damages were excessive as a matter of law because the evidence was insufficient to establish plaintiff's loss of future earning capacity.

The evidence discloses *inter alia* that plaintiff suffered a cut four or five inches long on his right knee, multiple fractures of the metacarpal bones of his right hand, a sprained ankle, and injuries to his left eye causing fluid, or edema of the macula, which resulted in blurred vision and a 21/100 to 22/100 vision capacity of the eye. The expert medical doctor who treated plaintiff's hand stated that it was permanently disabled. It affected plaintiff's ability to lift heavy objects and to use small tools or instruments, such as a pencil. The eye specialist testified that plaintiff's left eye bordered on legal blindness and the condition was permanent. It could not be corrected by glasses or otherwise. There was other evidence showing that plaintiff endured much physical and mental pain and suffering, extended hospitalization, temporary

disabilities requiring use of crutch and cast, and medical expenses of at least $3,106.33.

We hold there was ample, substantial evidence to support the verdict and to establish loss of future earning capacity of the plaintiff as an element to be considered by the jury. *Johnson v. Lewis*, 251 N.C. 797, 112 S.E. 2d 512 (1960); *Hunt v. Wooten*, 238 N.C. 42, 76 S.E. 2d 326 (1953); *Purgason v. Dillon*, 9 N.C. App. 529, 176 S.E. 2d 889 (1970).

Motion to set aside a verdict as being excessive is directed to the sound discretion of the trial judge. His decision will not be disturbed on appeal, unless it is obvious that he abused his discretion. *Evans v. Coach Co.*, 251 N.C. 324, 111 S.E. 2d 187 (1959). We find no such abuse in this case. The verdict of $175,000 was not excessive and the court properly denied defendants' motion for a new trial.

On oral argument, counsel for plaintiff concedes that defendants are entitled to the credit of $2,962.67, medical expenses paid by defendants, against the judgment entered. This was agreed in the stipulation of the parties prior to trial.

In the trial we find no error. The case is remanded to the Superior Court of Stanly County with directions that the Clerk of Court enter a credit of $2,962.67 on the judgment against defendants.

Chief Judge MORRIS and Judge HILL concur.