## STATE v. BARNEY V. DAWKINS.

(Filed 12 June 1964.)

**1. Criminal Law § 127—**

In the absence of statutory requirement, the failure of the judge to sign the minutes of the court or the judgment does not affect the validity of the judgment in prosecutions for less than capital offenses. G.S. 7-201.

**2. Criminal Law § 136—**

A capias directing defendant to answer a charge of "failure to comply — $80 in arrears in alimony" is sufficient to constitute a substantial compliance with G.S. 15-200.1 in proceedings to revoke a suspended sentence entered in a prosecution of defendant for wilful failure to support his minor children.

**3. Same—**

While the hearing in the Superior Court on appeal from an order of the inferior court revoking suspension of sentence is *de novo*, it is solely on the question whether defendant had violated the terms upon which the sentence was suspended, and the jurisdiction of the Superior Court is derivative and limited to that question and G.S. 15-200.2 is not applicable.

**4. Same—**

A finding that defendant has wilfully failed to make payments required as a condition for suspension of sentence for wilful failure to support his minor children is a sufficient finding as to the fact of the violation of the condition of suspension.

**5. Parent and Child § 8—**

Where judgment against defendant for his wilful failure to support his children is suspended on condition that he make payments stipulated for their support, defendant may not contend that his failure to make the payments as directed was not wilful because he was seeking an adjudication of his right to visit the children, there being no authority in criminal prosecutions for nonsupport to determine visitation rights, and further, in no event would refusal of visitation rights excuse defendant from wilful refusal to support his children.

On *certiorari* to review judgment (and related proceedings) of *Carr, J.*, December 2, 1963, Criminal Session of ALAMANCE.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*
*Sanders & Holt for defendant.*

PER CURIAM. Defendant was tried and convicted in the Burlington Municipal Recorder's Court on 11 September 1963 upon a warrant charging him with the wilful failure to support his minor children. A prison sentence of 18 months was imposed and was suspended for 5 years upon the condition, among others, that he pay $20 per week for the support of his minor children, ages 3 and 1. On 6 November 1963 the said court, finding as a fact that defendant had wilfully failed to make the support payments and was $100 in arrears, ordered that the prison sentence be activated. Defendant appealed, and the superior court on 2 December 1963 heard the matter *de novo*, found as a fact that defendant had wilfully failed to make the payments, and order-

ed that commitment issue and defendant be required to serve the prison sentence. We allowed *certiorari*.

Defendant attacks the judgment and proceedings on three grounds.

(1). He contends that the original judgment in recorder's court, appearing on the back of the warrant, is invalid because it was not signed by either the judge or the clerk. The entries in the minute docket of that count are not in the record and not under attack. There is no contention that the entry on the back of the warrant is not in form and content a judgment, nor that the entry was not made by the clerk or under his supervision. The sole contention is that it was not signed. In criminal cases, except capital, the failure of the judge to sign the minutes of the court or the judgment does not affect the validity of the judgment. *State v. Atkins,* 242 N.C. 294, 87 S.E. 2d 507. The Burlington Municipal Recorder's Court was established pursuant to G.S., Ch. 7, art. 24. There is no statutory requirement that the judge sign judgment. It is provided that the clerk shall "keep an accurate and true record of all costs, fines . . . and punishments by the court imposed, and the record shall show the name and residence of the offender, the nature of the offense, the date of the hearing and trial, and the punishment imposed." G.S. 7-201. The entry in question complies with this statute. The statute does not require that the entry be signed. The clerk of superior court has certified to this Court "That all court documents filed in this (his) office in said (this) cause are included in the foregoing case on appeal and are hereby certified to be a correct transcript of the originals." In the absence of positive proof to the contrary, the clerk's certificate is accepted as true. Absence of signatures does not render the record of the judgment invalid.

(2). Defendant asserts that in the proceedings to put into effect his suspended sentence the State failed in recorder's court and in superior court to comply with G.S. 15-200.1 and G.S. 15-200.2 and the judgments entered are therefore void. G.S. 15-200.1 provides, in pertinent part, that "In all cases of . . . suspension of sentence in the superior courts and in courts inferior to the superior courts, before a . . . suspension of sentence may be revoked, the . . . solicitor or other officer shall inform the probationer in writing of his intention to pray the court to revoke . . . suspension and to put the suspended sentence into effect, and shall set forth in writing the grounds upon which revocation is prayed." On 2 November 1963 a capias, issued by the clerk of recorder's court, was served on defendant by an officer. The capias was in writing and directed defendant to answer "on a charge against him of failure to comply — $80.00 in arrears in alimony as of 10-25-63." The hearing was had and the suspension revoked four days later. The

capias constitutes substantial compliance with G.S. 15-200.1. No particular form of writing is required. The language of the capias could have been technically more explicit, but there is no possibility that defendant could have misunderstood it. Its effect was to charge him with noncompliance with the conditions of suspension by failure to make payments. The appeal to superior court was at defendant's instance. He already had notice of what was at issue on appeal — no further notice was necessary. The law does not require the doing of a vain thing. The hearing in superior court was *de novo,* but solely upon the question whether there had been a violation of the terms of suspension. *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376. The jurisdiction of the superior court, in such circumstances, is derivative, and the hearing in that court is limited to the violation of conditions of suspension charged in the hearing in recorder's court. G.S. 15-200.2 has no application here. It applies only to revocation of suspensions in cases which originate in superior court. Defendant's contention as to want of statutory notice is not sustained.

(3). Defendant contends that the superior court judgment, revoking the suspension of sentence, is erroneous because it does not contain "specific findings of fact as to the violation of the conditions of suspension of sentence." *State v. Davis,* 243 N.C. 754, 92 S.E. 2d 177. The court found as a fact "that he had wilfully failed to make the payments required by the judgment of that (recorder's) Court." This is a sufficient finding upon the only issue of fact before the court. The exception is not sustained.

Defendant submitted to this Court his affidavit, which is not properly a part of the record. The substance of the affidavit is that the recorder's court had directed that he be allowed to visit his children, his wife refused him that right, he did not make the payments hoping that his visitation rights would be settled when he was called into court for default of payments, neither the recorder's court nor the superior court would permit him to present the question of visitation rights, and the superior court would not permit him to pay the arrearage, though he had made arrangements to do so. Defendant contends that these facts constitute a valid excuse for deferring the payments and the failure to make the payments was not wilful. We do not agree. There is no provision in the original recorder's court judgment for visitation. Moreover, that court had no jurisdiction or authority in the criminal action for nonsupport to determine or make an order respecting visitation rights. Defendant's desire to visit his children is natural and commendable, but we are at a loss to understand by what reasoning he concluded that satisfaction of his sentimental needs took precedence

over the physical needs of his children. Assuming that the facts set out in the affidavit are true, they do not excuse his obstinate refusal to support his children, but tend to confirm his guilt.

The judgment below is
Affirmed.