DIXON A. LAMB v. JACK P. McKIBBON

No. 7226SC201

(Filed 28 June 1972)

1. Process § 16— nonresident motorist — substituted service of process

> The trial judge's findings of fact support his conclusions that defendant motorist was not a resident of this State, that defendant was subject to substituted service on the Commissioner of Motor Vehicles under G.S. 1-105, and that service upon defendant had been completed in accordance with G.S. 1-105.

2. Appeal and Error § 26— assignment of error to entry of judgment

> An assignment of error to the entry of the judgment presents the face of the record for review, and review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found support the conclusions of law and the judgment; such an assignment does not present for review the findings of fact or the sufficiency of the evidence to support them.

APPEAL by defendant from *Friday, Judge,* 2 August 1971 Schedule A Session of Superior Court held in MECKLENBURG County.

Plaintiff instituted this action to recover damages for personal injury alleged to have been caused by the negligence of defendant in the operation of his motor vehicle. Plaintiff alleged that defendant was a resident of the town of Columbia, State of

Tennessee, and caused summons to be served on the Commissioner of Motor Vehicles in accordance with G.S. 1-105.

Defendant filed a motion to dismiss upon the grounds that defendant was not properly served with summons and complaint.

The trial judge denied defendant's motion to dismiss and defendant appealed.

*John D. Warren for plaintiff.*

*Sanders, Walker and London, by James E. Walker, for defendant.*

BROCK, Judge.

It is defendant's contention that plaintiff has failed to show that defendant was not a resident of North Carolina; therefore, substituted service under G.S. 1-105 is ineffective.

Defendant's sole exception and assignment of error is as follows:

"I. The Court erred in denying Defendant's motion to dismiss this action for lack of jurisdiction for the reason that Defendant was not properly served with a copy of the Summons and Complaint in this action.

"To the entry of the Order of the Court on August 12, 1971, and to the failure of the Court to dismiss the Plaintiff's action, Defendant excepts. This is Defendant's Exception # 1, R. p. 13."

[1] The trial judge made findings of fact which support his conclusion that defendant was not a resident of the State of North Carolina, that defendant was subject to service under G.S. 1-105, and that service upon defendant had been completed in accordance with G.S. 1-105. Defendant has not excepted to any finding of fact; he has only excepted to and assigned as error the entry of the judgment.

[2] Such an assignment of error presents the face of the record for review, and review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found support the conclusions of law and the judgment. But, such an assignment of error does not present

for review the findings of fact or the sufficiency of the evidence to support them. *Prince v. Prince,* 7 N.C. App. 638, 173 S.E. 2d 567; 1 Strong, N. C. Index 2d, Appeal and Error, § 26, p. 152.

As noted above, the trial judge's findings of fact support his conclusions. Also, his findings of fact and conclusions support his order denying defendant's motion to dismiss. We find no error of law on the face of the record.

The trial judge granted defendant thirty days within which to file answer. This he may still do, if he is so advised.

Affirmed.

