Tripp v. Tripp .

---

ROY L. TRIPP, JR., AND WIFE, SANDRA V. TRIPP, PATRICIA TRIPP LANCASTER AND HUSBAND, D. L. LANCASTER, ROBERT E. TRIPP AND WIFE, SHERI S. TRIPP; NORTH CAROLINA NATIONAL BANK, N.A. (SUCCESSOR TO STATE BANK & TRUST COMPANY), J. R. CULLIFER, WILLIAM T. SMITH, FRANK T. WHITEHURST, JR., AS EXECUTORS OF THE WILL OF ROY L. TRIPP; DAVID E. OGLESBY, JR., D. C. TRIPP, WILLIAM T. SMITH, FRANK T. WHITEHURST, JR., B. B. SUGG, JR., TRUSTEES U/A AND SUPPLEMENTAL AGREEMENT WITH ROY L. TRIPP AND WIFE, ELSIE P. TRIPP, DATED DECEMBER 31, 1950; NORTH CAROLINA NATIONAL BANK, N.A. (SUCCESSOR TO STATE BANK & TRUST COMPANY), J. R. CULLIFER, WILLIAM T. SMITH, ROSALIE T. SMITH, D. C. TRIPP, FRANK T. WHITEHURST, JR., T. G. JOHNSTON, TRUSTEES UNDER THE WILL OF ROY L. TRIPP; AND NORTH CAROLINA NATIONAL BANK, N.A. (SUCCESSOR TO STATE BANK & TRUST COMPANY), TRUSTEE U/A ELSIE P. TRIPP, DATED SEPTEMBER 17, 1966, PETITIONERS v. D. C. TRIPP, T. G. JOHNSTON, AND FRANK T. WHITEHURST, JR., INDIVIDUALLY RESPONDENTS

No. 723SC573

(Filed 20 December 1972)

1. Attorney and Client § 9; Trusts § 12— legal assistance in management of trust — expense of trust estate

   A reasonable fee for legal advice and assistance in the management of a trust estate is allowable as a necessary expense of the trust estate. G. S. 28-170; G.S. 7A-103(11).

2. Attorney and Client § 9; Costs § 4— declaratory judgment involving trust — attorney's fee taxable as costs

   The trial court had authority to tax a reasonable attorney's fee as part of the costs and to apportion it among the parties in an action for a declaratory judgment and for instructions to the trustees in connection with the sale of certain trust property. G.S. 6-21(2).

3. Costs § 4— hearing on attorney's fees — hearsay evidence

   The trial court did not err in the admission of hearsay evidence in a hearing upon a motion that a reasonable attorney's fee be taxed as part of the costs.

4. Appeal and Error § 28— broadside assignment of error to findings — review of face of record

   Broadside assignment of error to the findings of fact and conclusions of law presents for review only the face of the record, and review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the conclusions of law and the judgment.

5. Appeal and Error § 57; Costs § 4— order setting attorney's fee — court's opinion as to attorney's competence

   While it was improper for the court to recite as a fact its own opinion of the competence and skill of petitioner-attorney in its order

setting an attorney's fee in an action involving the sale of trust property tried before another judge, the other facts found from the evidence support the court's conclusion that petitioner is entitled to a reasonable fee for his services and the amount of the fee set by the court.

APPEAL by Roy L. Tripp, Jr., and wife, Patricia Tripp Lancaster and husband, Robert E. Tripp and wife, and William T. Smith and wife, some of the plaintiffs, from a judgment entered 15 March 1972 by *Rouse, Judge,* following a hearing in chambers on 14 January 1972.

Attorney Sam B. Underwood, Jr., and the beneficiaries of several trust estates were unable to agree upon a fee for legal services rendered in connection with the preparation, prosecution, and conclusion of the above entitled action. Mr. Underwood filed a motion in the cause in the Superior Court requesting the judge to determine the amount of a reasonable fee and order payment of the same. Judge Rouse, Resident Judge of the Third Judicial District, which includes Pitt County, heard the parties in chambers and examined the pertinent records in the clerk's office. Judge Rouse made extensive findings of fact, covering eleven pages of the printed record, and concluded that a total fee of $10,000.00 was reasonable. From this amount he deducted $5,500.00 which had already been paid, and ordered payment of the balance.

As noted above, some of the plaintiffs appealed.

*Everett and Cheatham, by C. W. Everett, for movant, and Sam B. Underwood, Jr.*

*Ragsdale & Liggett, by George R. Ragsdale, for appellants.*

BROCK, Judge.

[1] It has long been established in this jurisdiction that a reasonable fee for legal advice and assistance in the management of a trust estate is allowable as a necessary expense of the trust estate. *Lightner v. Boone,* 221 N.C. 78, 19 S.E. 2d 144; *Young v. Kennedy,* 95 N.C. 265. Our statutes permit the allowance of reasonable sums for necessary charges and disbursements incurred in the management of a trust estate. G.S. 28-170; G.S. 7A-103 (11). Also, our statutes authorize the judge to tax the costs, including reasonable attorney fees, in applicable cases. G.S. 6-21.

[2]   The instant action was for a declaratory judgment and for instructions to the fiduciaries in connection with the sale of certain trust property. It therefore falls clearly within the category of actions described in G.S. 6-21 (2), and the judge was thereby authorized to tax a reasonable attorney fee in the costs of the action and apportion it among the parties. The fixing of reasonable attorney fees in applicable cases is a matter within the sound discretion of the trial court. *Godwin v. Trust Co.*, 259 N.C. 520, 131 S.E. 2d 456. "A discretionary order of the trial court is conclusive on appeal in the absence of abuse or arbitrariness, or some imputed error of law or legal inference." 1 Strong, N. C. Index 2d, Appeal and Error, § 54, p. 213.

Appellants' exceptions and assignments of error numbers 1 and 4 are addressed to the refusal of the judge to grant summary judgment for appellants, or, alternatively, to dismiss the petition for allowance of attorney fees; exceptions and assignments of error numbers 2 and 3 are addressed to the refusal of the judge to exclude certain hearsay evidence. Appellants argue that petitioner's evidence failed to show (1) that his services were for the estate, (2) that they were reasonably necessary, and (3) the amount charged is not excessive. Appellants cite *Lightner v. Boone, supra.*

At the hearing it was stipulated that the judge might examine all pertinent documents in the hands of the Clerk of Superior Court of Pitt County including the case file of this declaratory judgment action together with other documents, instruments, and letters. The items included under this stipulation clearly show (1) that petitioner's services were rendered to the estate, and (2) that legal services to the estate were reasonably necessary. The determination of a reasonable fee was the purpose of the petition. This argument by appellants cannot be sustained.

[3]   With respect to appellants' objection to the admission of hearsay evidence, it is clear that the rules of evidence are relaxed at a hearing before the judge without a jury. Stansbury, N. C. Evidence 2d, § 4a. This argument by appellants cannot be sustained.

Appellants' assignments of error numbers 1, 2, 3, and 4 are overruled.

[4] Exception and assignment of error number 5 is as follows:

"To the order of the Court dated March 14, the findings of fact and conclusions of law therein and to the signing and entry thereof."

This constitutes a broadside exception and assignment of error as it relates to the findings of fact and the conclusions of law. Such an assignment of error presents for review the face of the record, and review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found, or admitted, support the conclusions of law and the judgment. *Lamb v. McKibbon*, 15 N.C. App. 229, 189 S.E. 2d 547. Whether the evidence supports the findings of fact is not presented.

[5] Appellants strenuously argue that finding of fact number 28 is improper and cannot support the conclusions of law. In finding of fact number 28, Judge Rouse undertakes to "take judicial notice" of his own opinion of the special competence and skill of Mr. Underwood, the petitioner. Judge Rouse was not the trial judge before whom the declaratory judgment action was tried. The trial judge was Honorable William J. Bundy, now deceased. Therefore, Judge Rouse could not have observed the manner in which petitioner represented his clients in the trial. We agree with appellants that it was improper for Judge Rouse to recite as a fact his general opinion of petitioner gathered from unknown quarters.

Nevertheless, the improper "judicial notice" taken by Judge Rouse does not detract from the other facts found. The other facts found from the evidence on this hearing clearly support the conclusion that petitioner is entitled to a reasonable fee for his services, and Judge Rouse has determined the amount in his discretion. Appellants have failed to show an abuse of discretion. Assignment of error number 5 is overruled.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.