STATE OF NORTH CAROLINA v. RICKY RAY HARRIS

No. 7529SC253

(Filed 18 June 1975)

1. **Criminal Law § 145.1— probation revocation — absence of arraignment**
    The trial court did not err in failing to arraign defendant in a proceeding to revoke his probation.

2. **Criminal Law § 145.1— probation revocation hearing — sufficiency of notice**
    Defendant received notice of his probation revocation proceeding within the meaning of G.S. 15-200.1 where defendant was arrested by a police officer pursuant to an "authority to arrest" signed by his probation officer stating that defendant had violated the conditions of his probation by failing to pay court costs, failing to remain gainfully employed, and by being convicted of driving under the influence, the officer testified the "authority to arrest" had been "executed," and defendant appeared at the hearing and was represented by counsel pursuant to the execution of the "authority to arrest."

3. **Criminal Law § 145.1— probation revocation — sufficiency of findings**
    The trial court's findings supported its conclusions that defendant wilfully violated the conditions of his probation by failing to make restitution payments ordered by the court, failing to remain gainfully employed and being convicted of driving under the influence.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 5 December 1974 in Superior Court, McDOWELL County. Heard in the Court of Appeals 28 May 1975.

This is an appeal from an order revoking defendant's probation and activating a two-year prison sentence imposed in the District Court of Mecklenburg County on 24 May 1973.

The record discloses the following: On 24 February 1974, pursuant to an "authority to arrest" signed by his probation officer, the defendant was arrested by Officer J. D. Turner of the Marion Police Department. The authority to arrest stated that the defendant had violated the terms and conditions of a probation judgment entered in the District Court of Mecklenburg County by a "[f]ailure to pay court costs and violation of the condition of probation that he remain gainfully employed and also that he was convicted for the crime of Driving Under the Influence."

On 6 June 1974, after a hearing before District Judge Hart in McDowell County, the court made findings and conclusions

State v. Harris

and entered an order revoking the defendant's probation. Defendant appealed to the superior court; and after a hearing in which the defendant was represented by counsel, Judge Snepp, on 3 September 1974, made findings and conclusions which, except where quoted, are summarized in pertinent part as follows: (1) The defendant entered a plea of guilty to the crime of "DAMAGE TO PERSONAL PROPERTY" at the 24 May 1973 Session of District Court held in Mecklenburg County and was given a two-year jail sentence as a Committed Youthful Offender, which sentence was suspended and the defendant placed on probation for a period of two years. (2) "[T]he defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment as hereinafter set out:

(a) That at the time the defendant was placed on probation and accepted for supervision, he was ordered in the form of the special condition of probation to pay $300.00 restitution into the Mecklenburg County Clerk's Office on or before November 24, 1973, which was to reimburse the prosecuting witness, Noel Weathers for damages incurred as the result of this offense. He was also ordered to pay $45.00 per month beginning December 24, 1973, until a total of $700.00 had been paid for the benefit of Mr. Charlie Edmonson, who incurred damages also as the result of this offense. As of February 15, 1974, no money has been received by the Mecklenburg County Clerk's Office, this being in violation of the special condition of probation that he "make restitution into the Mecklenburg County Clerk's Office in the amount of $300.00 on or before 11-24-73 and make restitution into the Clerk of Court's Office at the rate of $45.00 per month beginning 12-24-73 and a like amount each month thereafter until the sum of $700.00 is paid in full."

(b) That on or about December 22, 1973, the defendant committed the offense of Driving Under the Influence, for which offense he entered a plea of guilty at the January 31, 1974 Session of the McDowell County 29th District Court, which is in violation of the condition of probation that he "violate no penal law of any state or the Federal Government and be of general good behavior."

(c) That on or about January 24, 1974, the defendant was terminated from his employment at the Marion Manufacturing Company for being absent without excuse from his job five days in succession, and has not obtained regular employment since that date, which is in violation of the condition of probation that he "work faithfully at suitable, gainful employment as far as possible and save his earnings above his reasonably necessary expenses."

After making the foregoing findings and conclusions, Judge Snepp entered the following order:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, in the discretion of the Court, that the probation, heretofore revoked, be continued to the November 25, 1974 term of this Court, on the condition that the defendant pay into the Clerk of Court of Mecklenburg County the sum of $15.00 per week beginning on or before September 6, 1974; said monies to be used to reimburse the prosecuting witnesses for damages incurred as the result of this offense as set out in the original probation judgment."

After hearings on 25 November 1974 and on 5 December 1974, Judge Snepp made the following pertinent findings and conclusions:

"The Court finds that as a condition of the Probationary Judgment imposed in the District Court Division of Mecklenburg County, defendant was ordered to pay $300.00 restitution into the Mecklenburg County Clerk's Office on or before November 24, 1973, to reimburse the prosecuting witness for damages incurred, as a result of this offense. He was also ordered to pay $45.00 per month, beginning December 24, 1973 until a total of $700.00 restitution had been paid for the benefit of one Charlie Edmonson, who incurred damages as a result of this offense. As of February 15, 1974, no money had been paid into the Office of the Clerk of Superior Court of Mecklenburg County.

The Court further finds as a fact that since the hearing at the 3 September, 1974 Session of the Superior Court for McDowell County, the defendant has wilfully failed to make the payments as ordered, although he was at the time of the order gainfully employed, but left that employment

on or about September 21, 1974, without the knowledge or permission of his Probation Officer.

Based upon the foregoing, the Court finds that the conditions of probation have been violated as set forth in the Order of the District Court Division of McDowell County, and finds that the circumstances and conditions surrounding the violations of said terms of probation have not substantially changed."

From Judge Snepp's order dated 5 December 1974 revoking the defendant's probation and activating the prison sentence imposed in the judgment entered in the District Court of Mecklenburg County on 24 May 1973, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Story, Hunter & Goldsmith, P.A., by C. Frank Goldsmith, Jr., for defendant appellant.*

HEDRICK, Judge.

The record on appeal contains none of the evidence heard in the district court on 6 June 1974 or in the superior court on 3 September or 25 November 1974. Five of the six exceptions noted in the record appear in the transcript of the testimony of the probation officer at the 5 December 1974 hearing in the superior court before Judge Snepp. However, none of these exceptions is based on any proceeding, ruling, or order of the court and presents no question for review. The only other exception in the record appears to be to the order of Judge Snepp dated 5 December 1974 revoking the defendant's probation and activating the prison sentence imposed at the 24 May 1973 Session of District Court held in Mecklenburg County. This exception presents the face of the record proper for review. Review is limited, however, to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form and supported by the verdict. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970). An appeal alone, or an exception to the judgment does not present for review the findings of fact or the sufficiency of the evidence to support them. *Lamb v. McKibbon,* 15 N.C. App. 229, 189 S.E. 2d 547 (1972).

[1]    Defendant first contends the "trial court erred in failing to arraign the defendant prior to revoking his probation.":

> "A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary." State v. Hewett, 270 N.C. 348, 353, 154 S.E. 2d 476, 479 (1967).

The record discloses that the defendant was present in court and represented by counsel when the district attorney announced that the defendant was charged with a violation of the terms and conditions of his probation. This assignment of error has no merit.

[2]    By assignments of error two, three, and four, defendant contends that: (1) "The trial court erred in entering judgment where no written notice of the grounds upon which revocation of the defendant's probation was prayed was served on the defendant."; (2) "The failure of the State to give notice to defendant of the charges against him a reasonable time in advance of trial violated defendant's constitutional right to due process of law."; and (3) "The superior court lacked jurisdiction to hear the State's plea for revocation where the proceedings in the district court were void for lack of notice to the defendant." Each of these contentions is without merit simply because the record discloses that the defendant received notice within the meaning of G.S. 15-200.1 when the defendant was arrested on 24 February 1974 by an officer of the Marion Police Department pursuant to an "authority to arrest" signed by the probation officer stating that the defendant had violated the terms and conditions of his probation by failing to pay court costs, failing to remain gainfully employed, and by being convicted of the offense of driving under the influence. State v. Dawkins, 262 N.C. 298, 136 S.E. 2d 632 (1964); State v. Noles, 12 N.C. App. 676, 184 S.E. 2d 409 (1971). While the officer making the return did not specifically state that the "authority to arrest" was "served" on the defendant, he did state that the "authority to arrest" was "Executed." Since the defendant appeared at the hearing and was represented by counsel pursuant to the execution of the "authority to arrest," it is obvious he had notice within the meaning of the statute. Furthermore, the defendant made no motion for a bill of particulars at the hearing in the district court, nor did he except to the judge's finding that he had notice.

[3] · By his sixth assignment of error, defendant contends "[t]he evidence presented was insufficient to support a finding that the defendant had violated the terms and conditions of a probation judgment." As hereinbefore pointed out, the record contains only the evidence adduced at the hearing on 5 December 1974. Because all of the evidence is not before us and because the defendant did not except to any of the findings of fact, the question of the sufficiency of the evidence to support the findings is not presented. However, we have reviewed the findings of fact made by Judge Snepp and hold that the findings support the conclusions that the defendant has wilfully violated the terms and conditions of his probation and that the conclusions support the order executing the jail sentence imposed. See *State v. Young*, 21 N.C. App. 316, 204 S.E. 2d 185 (1974). The order appealed from is

· Affirmed.

Chief Judge BROCK and Judge PARKER concur.