STATE OF NORTH CAROLINA v. JOHN NOBLE ROBINSON

No. 7526SC318

(Filed 16 July 1975)

1. Criminal Law § 161— assignments of error abandoned

Assignments of error are deemed abandoned where no exceptions supporting them are brought forward in defendant's brief and no argument or authority is stated in support of them. Rule 28, Rules of Practice in the Court of Appeals.

2. Criminal Law § 161— exception to signing of judgment — record reviewed

Exceptions to the signing and entry of judgments present the face of the record for review.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 10 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 June 1975.

Defendant was charged with two separate counts of "receiving stolen property of the value of more than $200.00 knowing the same to have been previously stolen." Upon his plea of guilty, the trial court sentenced the defendant to imprisonment for consecutive terms of six years for each count, with both sentences suspended for a period of five years upon the defendant's compliance with certain specified conditions of probation. Subsequently a probation officer reported that the defendant had "wilfully and without lawful excuse" violated the condition of the probation judgment that he "[r]emain within a specified area and shall not change place of residence without the written consent of the probation officer" by moving to an unknown address without permission. Thereafter on 28 February 1973, a warrant was issued for the defendant's arrest. On 16 October 1974, the probation officer returned the defendant to court and reported that in addition to changing his place of residence without permission, the defendant also "wilfully and without lawful excuse" violated the condition of his probation that he "[v]iolate no penal law of any state or the Federal Government and be of general good behavior" in "[t]hat on or about October 19, 1973, the said probationer was arrested and charged in Hillsborough County, Florida with the felony of Breaking and Entering. On October 4, 1974, in Hillsborough County, Florida the charge was reduced to Buying, Receiving, and Aiding in the Possession of Stolen Property, adjudication of guilt was with-

State v. Robinson

held and the defendant placed on probation for a period of three (3) years."

Considered in the light most favorable to the State, evidence presented at the probation revocation hearing tended to show that James W. Bryant, a probation officer with the North Carolina Department of Corrections, was assigned to supervise the defendant in January 1972; that in October 1972, in violation of a condition of his probation the defendant left his place of residence in Charlotte, North Carolina, and moved to an unknown address without having previously secured the written consent of the probation officer; and that the defendant was not seen again until October 1974 when he was found to be living in Tampa, Florida. According to probation officer Bryant "[t]he defendant had been arrested in Florida and the Court learned he had been on probation in North Carolina." "The defendant was charged with the offense of felonious breaking and entering on October 19, 1973, but it was amended to buying, receiving, and aiding in the possession of stolen property." The defendant reportedly "entered a plea of guilty" to that charge.

Testifying on his own behalf, the defendant stated that he left Charlotte in October 1972, "because my ex-wife and I weren't getting along, because of the job and I just didn't feel like I was getting anywhere up here, and I just felt depressed and everything else." He further testified that he planned to write his probation officer, but that he "lost his name and everything else." Defendant admitted that in Florida he "pled guilty to aiding and abetting of stolen goods with the terms that after three years of probation that they would drop it, in other words, it would be off my record." He stated that he understood that when he was put on probation he was not to move without permission and that he was not to break any laws.

From entry of an order revoking his probation and activating the previous judgments for receiving stolen property, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Conrad O. Pearson, for the State.*

*Alexander Copeland III for defendant appellant.*

MORRIS, Judge.

[1] Defendant's assignments of error Nos. 1, 2 and 3 are deemed abandoned, since no exceptions supporting them are

brought forward in defendant's brief and no argument or authority is stated in support of them. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[2]   In his sole remaining assignment of error defendant excepts to the signing and entry of the order revoking his probation and to the signing and entry of the judgments and commitments upon revocation of his suspended sentence. These exceptions present the face of the record for review. *State v. Brown,* 20 N.C. App. 483, 201 S.E. 2d 577 (1974), and cases cited therein. We have examined the record proper and find no error.

No error.

Judges VAUGHN and CLARK concur.