STATE OF NORTH CAROLINA v. FRANKLIN DAVID HODGES

No. 7717SC297

(Filed 5 October 1977)

1. **Criminal Law § 143.10— revocation of suspension of sentence—failure to make child support payments**

    The evidence, though contradictory, was sufficient to support the court's findings that defendant was in violation of a condition of suspension of his sentence by failing to make child support payments of $30.00 per week, that defendant was an able-bodied man capable of working for an electric company, and that his failure to make the support payments was willful and without lawful excuse.

2. **Criminal Law § 143.3— hearing to revoke suspension of sentence—denial of continuance**

    The superior court did not err in the denial of a motion for continuance of a hearing to revoke suspension of sentence to allow defendant to obtain medical records for the purpose of showing he was disabled where the motion to continue was not made until the day of trial in January 1977, defendant had in effect received one continuance by failing to appear for a November 1976 trial date, and defendant had notice of the need to gather his evidence as of 7- September 1976 when he appealed from an order of the district court activating his sentence; furthermore, defendant was not prejudiced by the denial of the motion since defendant claimed to be disabled for only a portion of the time during which he failed to make support payments, and the defense of disability would have no effect on the violation of the condition of suspension prior to his disability.

3. **Criminal Law § 143.1— notice of intent to revoke suspension of sentence**

    Defendant was given sufficient notice of the State's intent to pray revocation of the suspension of his sentence for abandonment and nonsupport of his wife and children where the arrest warrant which provided the basis for the revocation hearing stated, "The defendant named above having failed to comply with support order. The defendant is in arrears in the amount of $690.00 as of 4-27-76."

4. **Criminal Law § 143.10— revocation of suspension of sentence—failure to make support payments—moratorium on payments**

    The trial court properly revoked suspension of defendant's sentence for breach of a condition requiring him to make child support payments without altering an order which declared a moratorium on the payments where there was evidence that defendant had willfully refused to make the payments when he was able to pay prior to the time the moratorium was ordered.

5. **Criminal Law § 143.4— revocation of suspension of sentence—failure to appoint counsel in district court—appointment in superior court**

    Defendant was not prejudiced by failure of the court to appoint counsel to represent him at a hearing to revoke his suspended sentence held in the district court where defendant was awarded a trial *de novo* in superior court upon his appeal of the district court order, and counsel was appointed for him in superior court in ample time to prepare for his defense. G.S. 7A-451(a).

APPEAL by defendant from *Seay, Judge.* Judgment entered 24 January 1977 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 31 August 1977.

Defendant was charged with a violation of a condition of the suspension of a prison sentence imposed 14 October 1975 upon a conviction for abandonment and nonsupport of his wife and children in violation of G.S. 14-322. A condition of the suspension of sentence was that defendant pay $30 weekly to the Clerk of Superior Court for the use and benefit of two minor children to be paid to Carolyn Holt. At a hearing conducted in District Court 30 December 1975, defendant was found to be $270 in arrears and was ordered to pay the arrearage and to keep future payments current. The defendant, on 22 July 1976, plead nolo contendere to a charge of failure to comply with the support order, and the judge ordered a moratorium on payments accruing after 7 May 1976. On 7 September 1976, defendant was again before the District Court on a charge of failure to comply with the support order and was found to be in willful noncompliance with the support order, and the suspension of sentence was revoked. Defendant appealed the District Court order activating his sentence to Superior Court. From a judgment in Superior Court ordering the activation of the suspended sentence and imprisonment of defendant for 60 days, defendant appealed.

The State presented evidence tending to show that on 14 October 1975 the defendant had been ordered to pay $30 per week for the support of his two minor children and that the defendant had paid only $25 for support since 1972. It was stipulated that the defendant had made no payments since his 14 October 1975 conviction in District Court for nonsupport.

The defendant offered evidence which tended to show: that he had been disabled as a result of knee injuries since April 1976; that he had received no income since he became disabled; that he was receiving no disability benefits; and that the knee had been x-rayed and he was told it was badly bruised. The defendant also testified that he had told his wife he would pay her $30 a week if she would let him see the children.

*Attorney General Edmisten, by Associate Attorney Donald W. Grimes, for the State.*

*Bethea, Robinson, Moore & Sands, by Alexander P. Sands III, for defendant appellant.*

MORRIS, Judge.

The defendant preserves six assignments of error in five arguments to the court. The arguments in appellant's brief contain assignments of error which are misnumbered and three of the assignments of error are conclusory broadsides containing no legal issue, which we have repeatedly held to be inadequate to bring a question before this Court. *Hudson v. Hudson*, 21 N.C. App. 412, 204 S.E. 2d 697 (1974). In the exercise of our discretion, however, we have searched the record to discern defendant's contentions as to error, and we conclude there was no prejudicial error.

[1] The defendant's first assignment of error is directed to the court's failure to dismiss the case at the close of the State's evidence and in entering judgment revoking defendant's suspended sentence. By this assignment of error, the defendant would have this Court review the sufficiency of the evidence. Exceptions to the signing and entry of judgment present the face of the record for review. *State v. Robinson*, 26 N.C. App. 620, 216 S.E. 2d 497 (1975). We have reviewed the organization of the court, the plea, and the judgment and find no error. Exception to judgment activating sentence also challenges the sufficiency of the findings of fact by the trial judge to support his judgment. *State v. Caudle*, 7 N.C. App. 276, 172 S.E. 2d 231 (1970), *rev. on other grounds*, 276 N.C. 550 (1970). In the instant case the judge found that the defendant was in violation of a condition of the suspension of sentence by not making payments to his wife, and that the defendant is an able-bodied man capable of working for an electric company and, therefore, without legal excuse for nonpayment. The findings are sufficient to support the judgment. Defendant argues that the evidence is insufficient to support the finding that defendant is an able-bodied man. The trial judge is accorded discretion in activating a suspended sentence, and all that is required is that the evidence shall satisfy the judge in the exercise of his sound discretion that the defendant has violated, without lawful excuse, a valid condition upon which the sentence was suspended and that the judge's findings of fact in the exercise of his sound discretion are to that effect. *State v. Robinson*, 248 N.C. 282, 287, 103 S.E. 2d 376, 380 (1958). The evidence relating to the physical condition of defendant was contradictory, and it was within the discretion of the trial judge to find that the defendant was "able-bodied" and "capable of working for an electric company" and that his refusal to make payments was willful. This assignment of error is overruled.

[2]   The defendant's second assignment of error is directed to the court's failure to allow the defendant's motion to continue.

"A motion for a continuance is ordinarily addressed to the discretion of the trial court, and its ruling thereon is not subject to review absent an abuse of discretion, but when the motion is based on a right guaranteed by the federal and state constitutions, the motion presents a question of law and the order of the court is reviewable." 4 Strong, N.C. Index 3d, § 91.1, pp. 442-443.

Defendant asserts that the continuance was requested to allow time to prepare an adequate defense and the ruling is, therefore, subject to review. Reviewing the record, we conclude there was no error. In actuality, the defendant received one continuance *de facto* by not appearing for a November 1976 trial date. The hearing in January was scheduled only after the defendant failed to appear before the court in November. The defendant had notice of the January trial and of the need to gather his evidence as of 7 September 1976 when the District Court activated his sentence. The motion to continue was not made until the day of trial. The burden is on the defendant to act in a more timely fashion and it was within the judge's discretion not to allow a continuance. Assuming, *arguendo*, that a continuance should have been granted, the defendant, by his own evidence, discloses there was no prejudice. The continuance was requested to enable the defendant to prove his disability by obtaining medical records. The evidence shows, however, that the defendant claims he was not disabled until April 1976, and this defense would have no effect on the violation of the condition of suspension of sentence prior to April. This assignment of error is overruled.

[3]   The defendant's third assignment of error is that he was given no notice of the State's intent to pray revocation of the suspension of sentence in violation of G.S. 15-200.1. *State v. Dawkins*, 262 N.C. 298, 136 S.E. 2d 632 (1964), is controlling. In *Dawkins* the Court stated that no particular form of writing is required to give proper notice and the Court held that a capias "in writing and directed [to the] defendant to answer 'on a charge against him of failure to comply — $80.00 in arrears in alimony as of 10-25-63' " was sufficient notice. *State v. Dawkins*, *supra* at 300. The chain of proceedings in the instant case is not clear from the record on appeal. We think it logical to assume, as did the parties in their briefs, that the 7 September revocation hearing was based on the 29 April arrest

warrant. The warrant providing the basis for the revocation hearing in the instant case stated:

"The defendant named above having failed to comply with support order. The defendant is in the arrears in the amount of $690.00 as of 4-27-76 . . . ."

This warrant was sufficient notice to comply with G.S. 15-200.1. Additionally, the court, in its judgment, recited that after the order was entered directing defendant to make payments for the support of his children, he noted an appeal but withdrew the appeal; that thereafter, and on 22 July 1976, the court declared a moratorium on payments from 7 March 1976, until defendant became able to pay and directed defendant to report to the court on 10 August 1976; that defendant appeared in court 7 September 1976 and the court found that he was able to support his children but refused to do so and activated the suspended sentence and defendant appealed to Superior Court; that defendant failed to appear in Superior Court on 23 November 1976, but did appear at the 17 January 1977 session at which time counsel was appointed for him. It is difficult to imagine a situation where a defendant has been accorded more leniency nor where it is more obvious that he has been completely aware and on notice of the purpose of the hearing. This contention is without merit.

[4] The defendant's fourth assignment of error is directed to the court's failure to dismiss or remand to the District Court because the suspension of sentence was revoked without altering the 22 June 1976 order declaring a moratorium on payments of support from 7 May 1976. The moratorium could not affect defendant's liability on payments accrued before 7 May 1976 and the defendant stipulated that he had made no payments since the order of 14 October 1975. There was evidence that the defendant had willfully refused to make the payments when he was able to pay. In his testimony defendant stated that he had told his wife he would pay the $30 per week if she would allow him to see the children. If the trial judge believed this testimony it would prove that the defendant had willfully refused to make the payments for a reason other than a lawful excuse. In activating a sentence, all that is required is that the judge find that the defendant has violated a condition of the suspension, without lawful excuse. *State v. Robinson, supra.* The judge was justified in revoking the suspension of sentence for failure to comply with the court order between 14 October 1975 and 7 May 1976. This assignment of error is overruled.

[5]   The defendant's last assignment of error is that he was not appointed counsel prior to the revocation hearing in District Court and that G.S. 7A-451 requires appointment of counsel "as soon as feasible". It is conceded that G.S. 7A-451(a), which provides indigents with the right to counsel, would apply to revocation of a suspended sentence. The defendant received the aid of counsel, however, for upon his appeal of the District Court order he was awarded a trial *de novo* in Superior Court, and counsel was appointed for him in the Superior Court in ample time to prepare for his defense. The record clearly shows that defendant's appointed counsel represented him in a most adequate fashion. No prejudice has been shown, and this assignment of error is overruled.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.