IN THE MATTER OF THE ESTATE OF JOHN C. KIRKMAN, SR.,
DECEASED

No. 7914SC852

(Filed 1 July 1980)

Wills § 61; Attorneys § 7.5– proceeding to determine spouse's right to dissent –
attorney's fees improperly taxed as costs against estate

The trial court erred in determining that a proceeding to determine the
right of dissent from a will by a surviving widow is a proceeding within the
meaning of G.S. 6-21(2), and the court erred in taxing the fees for the widow's
attorneys as costs against the estate of the testator, since a spouse's right to
dissent is provided for by G.S. Chapter 30, and a proceeding under that
Chapter is beyond the purview of G.S. 6-21(2), as such a proceeding is not a
caveat to a will, nor does it require the construction of any will or trust
agreement or fix the rights and duties of parties thereunder.

APPEAL by Executor of the Estate of John C. Kirkman, Sr.,
from Kivett, Judge. Order entered 13 June 1979 in Superior
Court, DURHAM County. Heard in the Court of Appeals 19 March
1980.

Testator, John C. Kirkman, Sr., died on 12 December 1974
leaving a will which was duly probated on 31 December 1974. On
19 May 1975, testator's surviving spouse, Minnie H. Kirkman,
filed a dissent to the will, as provided for by Chapter 30 of the
North Carolina General Statutes. After substantial litigation,
the wife established her right to dissent from testator's will, as
reported in In re Kirkman, 38 N.C. App. 515, 248 S.E. 2d 438
(1978), cert. denied and appeal dismissed, 296 N.C. 584, 254 S.E.
2d 31 (1979). Counsel for the widow in the dissent proceedings
filed petitions requesting that their fees resulting from the
litigation be taxed as costs to the estate of testator. On 17 May
1979, the Clerk of Superior Court for Durham County allowed
the requests, concluding as a matter of law that "a proceeding
to determine the right of dissent from a will by a surviving
widow is a proceeding within the meaning of North Carolina
General Statutes 6-21(2) ... ." On 21 May 1979, the executor
filed notice of appeal from the order, and the matter was heard
in the Superior Court. On 13 June 1979, the trial court affirmed
the Clerk's ruling, concluding "as a matter of law that a pro-
ceeding to determine the right of dissent from a will by a surviv-
ing spouse is a proceeding within the meaning of North Caro-

lina General Statutes 6-21(2), such matter being a proceeding which fixes the rights and duties of the parties under a will .... ."

From this ruling and an order awarding attorneys' fees as costs of the action executor appeals.

*Nancy Fields Fadum for executor appellant.*

*John C. Randall and E. C. Harris for appellee.*

MORRIS, Chief Judge.

The sole question before us is whether a proceeding to determine the right of dissent from a will by a surviving spouse is a proceeding within the meaning of G.S. 6-21(2). We hold that it is not, for the reasons stated below.

G.S. 6-21 (1979 Cum. Supp.) provides, in pertinent part, as follows:

Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:

. . .

(2)   Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, however, that in any caveat proceeding under this subdivision, if the Court finds that the proceeding is without substantial merit, the court may disallow attorneys' fees for the attorneys for the caveators.

G.S. 6-21 provides that "costs" include "reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow .... ." This section vests the trial court with the discretionary authority to tax reasonable attorneys' fees as a part of the costs to be paid by the executor of a testator's estate, *McWhirter v. Downs,* 8 N.C. App. 50, 173 S.E. 2d 587 (1970), or the

costs incurred in the management of trust estates. *Tripp v. Tripp*, 17 N.C. App. 64, 193 S.E. 2d 366 (1972). This section, however, has been held inapplicable where the particular action involved an instrument which was not sufficient as a trust instrument and was not executed as a will. *See Baxter v. Jones*, 283 N.C. 327, 196 S.E. 2d 193 (1973).

With respect to the present proceeding, a spouse's right of dissent is statutory, and is provided for by Chapter 30 of the North Carolina General Statutes. *See generally Vinson v. Chappell*, 275 N.C. 234, 166 S.E. 2d 686 (1969). To establish the right to dissent, a spouse must make a timely filing pursuant to G.S. 30-2 and must show his or her entitlement to that right under G.S. 30-1. The right of dissent is a matter of mathematical determination, and necessitates a valuation of the property passing to the surviving spouse under the will and outside the will as of the date of the death of the deceased spouse as provided for by statute. *In re Estate of Connor*, 5 N.C. App. 228, 168 S.E. 2d 245 (1969). Determination and establishment of value made by statutory procedures "shall be final for determining the right of dissent and shall be used exclusively for this purpose." G.S. 30-1(c).

It is apparent from the foregoing authority that the purpose and intent in adopting Chapter 30 was to give the surviving spouse an alternative to the amounts which would have been received under the decedent spouse's will. Although certain rights and duties of the parties are determined under Chapter 30, a proceeding to determine the right to dissent does not require a construction of the provisions of the will itself. Unlike a caveat proceeding where the right to inherit at all is determined, a proceeding to determine the right to dissent merely involves a valuation of the property transferred under the will. The use of a will or trust agreement under Chapter 30 is to establish the parties' statutory rights and duties, not to determine what, if any, property is passed by such instruments. We, therefore, believe and so hold that a proceeding under Chapter 30 is beyond the purview of G.S. 6-21(2). Such a proceeding is neither a caveat to a will, nor does it "require the construction of any will or trust agreement, or fix the rights and duties of parties *thereunder*." (Emphasis added.) G.S. 6-21(2).

It follows, therefore, that the trial court had no authority under G.S. 6-21(2) to tax as costs the attorneys' fees as requested by the widow's attorneys. In addition, we find no other provision in that section which would allow attorneys' fees to be taxed as costs in this situation. In the absence of express statutory authority, attorneys' fees are not allowable as part of the court costs in civil actions. *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E. 2d 179 (1972).

Reversed.

Judges VAUGHN and ARNOLD concur.