STATE OF NORTH CAROLINA v. JAMES R. WOODS

No. COA00-1079

(Filed 6 November 2001)

## 1. Drugs; Penalties, Fines and Forfeitures— cocaine—forfeiture proceeding—dismissal of state charges—federal conviction

The trial court did not err by entering an order of forfeiture of defendant's property under N.C.G.S. § 90-112 for items allegedly purchased with the proceeds of illegal sales of substances even though the indictments against defendant for felonious trafficking in drugs and maintaining a vehicle to keep controlled substances had been dismissed by the State, because: (1) defendant was not acquitted since he was convicted of possession with intent to distribute fifty or more grams of cocaine in the federal court; (2) there is no requirement in N.C.G.S. § 90-112 for a state conviction, and it merely requires a felony under Article 5 of Chapter 90; and (3) there was no conflict between state and federal authorities concerning the forfeited items.

## 2. Evidence— hearsay—testimony of a narcotics officer concerning informant's statements—forfeiture proceeding—failure to object

The trial court did not err during a forfeiture proceeding by allowing a narcotics officer to testify concerning statements made by an informant about defendant's use of vehicles to deliver crack cocaine, because: (1) the narcotics officer subsequently testified, without objection, that the informant told him the vehicles were used in the delivery of crack cocaine; and (2) the evidence would have been admissible even if there had been an

objection since the Rules of Evidence are relaxed in a forfeiture proceeding.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 16 May 2000 by Judge W. O. Smith in Caswell County Superior Court. Heard in the Court of Appeals 18 September 2001.

*Roy Cooper, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State.*

*George B. Daniel, P.A., by John M. Thomas for defendant-appellant.*

THOMAS, Judge.

Defendant, James R. Woods, appeals an order for the forfeiture of certain assets after he was convicted in United States District Court of possession with the intent to distribute in excess of fifty grams of cocaine.

Defendant contends the State of North Carolina had no right to the property unless the forfeiture was based on state convictions. He also argues that the trial court committed error at the forfeiture hearing by allowing a narcotics officer to testify as to the statements of an informant. For the reasons discussed herein, we affirm the trial court.

The facts are as follows: On 12 January 1998, surveillance was conducted by the Narcotics Division of the Caswell County Sheriff's Department, pursuant to a confidential and reliable informant. The informant telephoned defendant and arranged to purchase one ounce of cocaine from him. Immediately after the phone call, defendant left his residence in Leasburg, North Carolina, and proceeded toward the rendezvous. Defendant was stopped by detectives from the Narcotics Division and asked if there were any drugs in his vehicle. Defendant said there were. The detectives found 79.6 grams of cocaine in a brown paper bag inside the vehicle. Defendant was arrested and charged with felonious trafficking in cocaine.

On the same date, Detective M. A. Kirby applied for a search warrant to search defendant's residence. The following items were among those seized: (1) 1973 Chevrolet Camaro automobile; (2) 1992 Chevrolet Silverado pickup truck; (3) 1994 Ford Aerostar van; (4)

1938 Chevrolet Coupe automobile; (5) 1993 Ford Taurus automobile; (6) 1993 Ford Mustang automobile; (7) 1982 Chevrolet Corvette automobile; (8) 1986 Ford Mustang automobile; (9) 1991 Infinity Q45 automobile; (10) 1991 Chevrolet S-10 Blazer sport-utility vehicle; (11) at least nine firearms; (12) two sets of digital scales; (13) Yamaha XT 350 dirt bike; (14) two Honda TRX 300 four-wheelers; (15) Honda Gold Wing motorcycle; and (16) over $5000 in cash. The federal government seized the Ford Taurus automobile, the Ford Aerostar van and the money taken from defendant's home.

On 26 January 1998, defendant was indicted in state court for felonious trafficking in drugs and for maintaining a vehicle to keep controlled substances. However, because of superceding indictments in the Federal District Court, Middle District of North Carolina, the state charges against defendant were dismissed by the district attorney. Defendant was subsequently convicted in federal court of possession with intent to distribute in excess of fifty grams of cocaine and sentenced to life imprisonment.

On 14 April 2000, the State moved in the case at bar for forfeiture of the items seized from defendant's home, alleging they were "purchased with the proceeds of illegal sales of substances included in the North Carolina Controlled Substances Act, and were purchased for the purpose of 'laundering' drug money." Defendant answered that the property was no longer required for evidence or for investigative purposes, that he is the titled owner, and that he has exclusive right to possession of the property.

In an order filed 16 May 2000, the trial court found that: (a) defendant had been stopped and drugs found in his possession; (b) certain aforementioned items were seized; (c) defendant had been convicted of multiple drug offenses; (d) it is a common practice of drug traffickers to purchase expensive vehicles and other costly items with narcotics proceeds to launder profits; (e) for the two years proceeding defendant's arrest, he reported no more than $10,000 gross income on tax documents; (f) the estimated value of the vehicles owned at the time of the search warrant was in excess of $40,000; (g) defendant was convicted in federal court of possession with intent to distribute in excess of fifty grams of cocaine; (h) defendant was sentenced to life without the possibility of parole; (i) the seized items were purchased with the proceeds of illegal sales of controlled substances; and (j) the equipment and vehicles were acquired by and used in the conveyance of controlled substances. The trial court con-

cluded the items were forfeited to the Caswell County Sheriff's Department pursuant to N.C. Gen. Stat. § 90-112. Defendant now appeals this order.

**[1]** By defendant's first assignment of error, he argues the trial court erred in entering the order of forfeiture on the grounds that the indictments against defendant had been dismissed by the State of North Carolina. We disagree.

This is a case of first impression in North Carolina.

Defendant relies upon *State v. Johnson*, 124 N.C. App. 462, 478 S.E.2d 16 (1996), *cert. denied*, 345 N.C. 758, 485 S.E.2d 304 (1997), in which this Court held the State could not have money forfeited to it when the defendant was acquitted of possessing cocaine with the intent to sell or deliver. In the instant case, defendant contends because the State voluntarily dismissed charges against him, the trial court is precluded from declaring the items at issue forfeited under section 90-112. *Johnson* states that "[c]riminal forfeiture, therefore, must follow criminal conviction." *Id.* at 476, 478 S.E.2d at 25. However, in the instant case, defendant was not acquitted. He was convicted of possession with the intent to distribute fifty or more grams of cocaine in the federal court.

We note there is no requirement in the statute for a state conviction. The statute requires the following:

(a) The following shall be subject to forfeiture:

. . . .

(2) All money . . . and equipment of any kind which are acquired, used, or intended for use, in selling, purchasing, manufacturing, compounding, processing, delivering, importing, or exporting a controlled substance in violation of the provisions of this Article;

. . . .

(4) All conveyances, including vehicles, vessels, or aircraft, which are used or intended for use to unlawfully conceal, convey, or transport, or in any manner to facilitate the unlawful concealment, conveyance, or transportation of property described in (1) or (2), except that

. . . .

c. No conveyance shall be forfeited unless the *violation* involved is a felony under this Article;

N.C. Gen. Stat. § 90-112 (1999) (Emphasis added). The statute clearly states the items seized by the State were subject to forfeiture. "When statutory language is clear and unambiguous, '[w]ords in a statute must be construed in accordance with their plain meaning unless the statute provides an alternative meaning.' " *Procter v. City of Raleigh Board of Adjustment*, 140 N.C. App. 784, 538 S.E.2d 621 (2000) (quoting *Kirkpatrick v. Village Council*, 138 N.C. App. 79, 86, 530 S.E.2d 338, 343 (2000)). Some federal forfeiture statutes require a conviction based on a violation of a federal statute. *See* 18 U.S.C.A. § 1963 (2001); 21 U.S.C.A. § 853 (2001). We note the federal criminal forfeiture statute requires a conviction.

(a) Property subject to criminal forfeiture

Any person *convicted of a violation* of this subchapter ["Control and Enforcement"] or subchapter II ["Import and Export"] of this chapter ["Drug Abuse Prevention and Control"] punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

(3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

21 U.S.C.A. § 853(a) (2001) (Emphasis added). However, our forfeiture statute, section 90-112, does not require a state conviction by its plain language. It merely requires that the *violation* be a felony under Article 5 of Chapter 90. N.C. Gen. Stat. § 90-112(a)(4a) (1999).

In *State ex rel. Thornburg v. Currency*, 324 N.C. 276, 378 S.E.2d 1 (1989), our Supreme Court held section 90-112(a)(2) is a criminal,

or *in personam*, forfeiture statute rather than a civil, or *in rem*, forfeiture statute. An *in personam* forfeiture requires a criminal conviction of the property's owner, whereas an *in rem* forfeiture only requires the government prove the property was used for an illegal purpose. *Johnson*, 124 N.C. App. at 476, 478 S.E.2d at 25 (quoting Craig W. Palm, *RICO Forfeiture and the Eighth Amendment: When is Everything Too Much?*, 53 U. Pitt. L. Rev. 1, 6-7 (1991)). In the case at bar, the government, although it was the federal government as opposed to the state government, proved beyond a reasonable doubt that defendant was guilty of the felony charged.

We further note the elements of the state violation and the federal violation are nearly identical. The North Carolina Controlled Substances Act provides, in pertinent part:

(a) Except as authorized by this [Act], it is unlawful for any person:

(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance;

(2) To create, sell or deliver, or possess with intent to sell or deliver, a counterfeit controlled substance;

(3) To possess a controlled substance.

. . . .

(h) Notwithstanding any other provision of law, the following provisions apply except as otherwise provided in this Article.

. . . .

(3) Any person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . . or any mixture containing such substances, shall be guilty of a felony, which felony shall be known as "trafficking in cocaine" and if the quantity of such substance or mixture involved:

a. Is 28 grams or more, but less than 200 grams, such person shall be punished as a Class G felon and shall be sentenced to a minimum term of 35 months and a maximum term of 42 months in the State's prison and shall be fined not less than fifty thousand dollars ($50,000)[.]

N.C. Gen. Stat. § 90-95 (1999). In comparison, the federal statute provides, in pertinent part:

**STATE v. WOODS**

[146 N.C. App. 686 (2001)]

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

(b) Penalties

Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving . . .

(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of . . .

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers; [or] . . .

(IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III)[.]

[S]uch person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual

21 U.S.C.A. § 841 (2001). Defendant violated both statutes and but for N.C. Gen. Stat. § 90-97, could have been prosecuted for both. "If a violation of [the North Carolina Controlled Substances Act] is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this State." N.C. Gen. Stat. § 90-97 (1999).

Further, in *United States v. Winston-Salem/Forsyth County Board of Education,* 902 F.2d 267 (M.D.N.C. 1990), the U.S. District

**STATE v. WOODS**

[146 N.C. App. 686 (2001)]

Court for the Middle District of North Carolina held that "when cash is administratively forfeited in a federal proceeding, it may be equitably shared with local law enforcement agencies pursuant to 21 U.S.C.A. § 881(e)(1)(A) and 19 U.S.C.A. § 1616a(c)" when the local law enforcement seized forfeited property pursuant to N.C. Gen. Stat. § 90-112. In *United States v. Winston-Salem/Forsyth County Board of Education*, the defendant was charged with possession of cocaine with the intent to sell or deliver it and intentionally maintaining a building to keep or sell controlled substances. The State seized cash from the defendant. However, the drug charges were voluntarily dropped by the State. The cash was transferred to the Drug Enforcement Administration (DEA), which did not prosecute the defendant. Subsequently, state charges were reinstated and the defendant was convicted. The DEA returned a portion of the cash to the local police department. The Board of Education sued to retrieve that portion pursuant to a statute stating money seized should be used for school purposes. The court held the federal and state authorities could share in the forfeited money as long as there was no conflict such that the state and federal laws could not stand together and as long as the Board of Education was not entitled to the money.

Similarly, in the case at bar, we note the federal authorities seized a portion of the total items seized. Section 90-112 authorizes the forfeiture of the remaining items to state authorities. There is no conflict here between state and federal authorities concerning the forfeited items. Thus, the property was appropriately seized and we hold the forfeiture valid. Consequently, we reject defendant's first assignment of error.

**[2]** By defendant's second assignment of error, he argues the trial court erred in allowing a narcotics officer to testify as to statements made by the informant about defendant's use of vehicles to deliver crack cocaine. We disagree.

After an objection, the trial court allowed Detective Glen Brandon (Brandon), of the narcotics unit, to testify as to why the informant could not tell authorities which vehicle defendant would be driving. Brandon responded, "[Defendant] at that time had a multitude of vehicles at his disposal, to use at any time. He used different vehicles every time he delivered crack cocaine to this individual." He further testified that the informant had indicated the vehicles at issue had been used before to deliver crack cocaine. Defendant argues Brandon's testimony was hearsay and speculative.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. R. Evid. 801. Nonetheless, our Supreme Court has held that " '[i]t is the well-established rule that when evidence is admitted over objection but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost.' " *State v. Little*, 278 N.C. 484, 180 S.E.2d 17 (1971) (citations omitted). *See also State v. Featherson*, 145 N.C. App. 134, 548 S.E.2d 828 (2001); *State v. Berry*, 143 N.C. App. 187, 546 S.E.2d 145, *rev. denied*, 353 N.C. 729, 551 S.E.2d 439 (2001). In the case at bar, Brandon subsequently testified, without objection, that the informant told him the vehicles were "used in the delivery of crack cocaine." We hold the objection was then lost. However, we note that the Rules of Evidence are relaxed in a forfeiture hearing. *See Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260 (1985); *Tripp v. Tripp*, 17 N.C. App. 64, 193 S.E.2d 366 (1972). Thus, the evidence would have been admissible even if there had been an objection. Accordingly, we reject this assignment of error.

AFFIRMED.

Judge GREENE dissents.

Judge Campbell concurs.

GREENE, Judge, dissenting.

I do not agree a federal conviction of a drug offense can constitute a "violation" of Chapter 90, Article 5, the "North Carolina Controlled Substances Act." Thus, as the trial court was without authority to enter an order of forfeiture of defendant's property, I dissent.

Any property "subject to forfeiture" under the provisions of section 90-112(a) may be seized by law-enforcement officers "upon process issued by any district or superior court having jurisdiction over the property." N.C.G.S. § 90-112(b) (1999). The property subject to seizure, however, can be forfeited only upon an order issued by the trial court, N.C.G.S. § 90-112(c) (1999), and only after there has been a felony criminal conviction of either the owner or the possessor of the property used in connection with a violation of Chapter 90, Article 5, *State v. Johnson*, 124 N.C. App. 462, 476, 478 S.E.2d 16, 25 (1996), *cert. denied*, 345 N.C. 758, 485 S.E.2d 304 (1997); N.C.G.S.

§ 90-112(a)(4)c (1999) (violation must be a felony under Chapter 90, Article 5); N.C.G.S. § 90-112(a) (1999) (items used or possessed "in violation of the provisions" of Chapter 90, Article 5); N.C.G.S. § 90-112(f) (1999) (forfeiture of conveyances must be in accord with section 18B-504); N.C.G.S. § 18B-504(e) (1999) (procedures for disposition of seized property after criminal trial). A conviction of a "nearly identical" federal drug offense is simply not a conviction of an offense enumerated in Chapter 90, Article 5 of the North Carolina General Statutes.

In this case, defendant was not convicted of any drug offense under state law. Indeed, the criminal charges against defendant were dismissed by the State. The order of forfeiture, therefore, must be reversed.